## Clement *against* Bixler.

A plaintiff who, after suit brought, paid all the costs which had accrued, gave security for all which might accrue, and assigned all his interest in the claim for which suit was brought to another person, is notwithstanding incompetent to testify on the trial of the cause.

Costs paid into court to render a witness competent, are absolutely paid, and are irrecoverable.

ERROR to *Fayette* county.

This was an action of *trover* by Joseph Bixler against Wilson Clement. On the trial of the cause the plaintiff proved that he had assigned all his interest in the claim for which the suit was brought, produced the prothonotary's receipt for all costs which had accrued, offered George D. Stevenson as security for all costs which might accrue, who was admitted to be sufficient security ; and then the counsel offered Joseph Bixler, the plaintiff, as a witness, who was objected to by the defendant and admitted by the court, who sealed a bill of exceptions at the instance of the defendant. The plaintiff recovered for the use of the person to whom he transferred his claim, and a *fieri facias* was issued for the amount of the judgment with full costs. The errors assigned were in the admission of the plaintiff as a witness, and in the execution for costs which had been paid by the plaintiff below.

*Ewing*, for plaintiff in error.
*Todd*, for defendant in error.

The opinion of the Court was delivered by

GIBSON, C. J.—When a plaintiff of record sells his title to make himself a witness, he takes the fruit of his testimony beforehand ; and though strictly free of legal disqualification, by payment and deposit of costs, he gains an advantage from his position in the cause which the defendant may not use the like means to counteract. It is certainly too firmly established to be controverted, that such a plaintiff may so divest himself of interest as to be a witness for his assignee ; but the inequality of the principle in its application to the parties would seem to dictate a restriction of it to cases falling indisputably within the limits assigned to it by the decisions. The rule to be extracted from these is simply that a plaintiff, having assigned his title, paid the costs incurred, and *deposited* a sum incontestably adequate to those to be incurred, has qualified himself to be sworn ; and the reason of it is, that the payment and deposit being on condition that the defendant takes the costs of the action *out of court* at the

[Clement v. Bixler.]

termination of it, whatever be the event, have divested the plaintiff of all possibility of loss or gain from the verdict. How stood the plaintiff in the present case when called to testify? He had assigned his entire interest; but he had received the costs of the reference from a contingent liability, for which he could be extricated but by actual payment into court, as mere security would have left him exposed to an execution in the event of an adverse recovery. These were therefore to be refunded. But the plaintiff's assignee had paid fifty dollars into court, and taking this to be a deposit in reimbursement of the costs of the reference, it left a surplus of but eleven dollars; a sum palpably too small to answer the accruing costs, and proved to be so by the event. As to security instead of actual deposit of the residue, it is sufficient to say that it is not what seems to be demanded by the decisions. If less than payment would suffice, we should soon be called on to dispense even with security where the plaintiff himself should be sufficient. But security has not the effect of releasing him who gives it from direct personal responsibility; and even if it had, it would leave the plaintiff exposed to his surety's action for reimbursement. The accruing costs then being unpaid, was the plaintiff of record liable to pay them? In Fetterman *v.* Plummer, 9 *Serg. & Rawle* 22, a distinction was taken between an assignment after suit brought, and an equitable assignment before it, the nominal plaintiff being answerable for costs in the first instance, and not in the second; but whether for costs to be incurred was not specified. And in Brown *v.* Weir the same thing was predicated in the same general terms. It would seem however that all the costs, whether present or subsequent, have been considered as standing in this respect on the same footing. In Steele *v.* The Phœnix, 3 *Binn.* 306, the leading case, all the costs, *including those of the trial* (and none further could accrue), were paid before the plaintiff was offered; and in the report of Brown *v.* Weir, it is said that a sum sufficient to cover " all the costs of the suit" was paid in, which would include those to be incurred. In Patton *v.* Ash, 7 *Serg. & Rawle* 116, a deposit to answer future costs was expressly included; and the same thing was done in North *v.* Turner, 9 *Serg. & Rawle* 244; Willing *v.* Peters, 12 *Serg. & Rawle* 178. But in Richter *v.* Selin, 8 *Serg. & Rawle* 437, it was said that *at least* the costs incurred at the time of the assignment must be paid; which implies a doubt as to the accruing costs not warranted by the principle of the distinction between assignment before suit brought and assignment after it. Under the former, our courts are to execute the trust in accordance with chancery principles and chancery practice; consequently the holder of an equitable chose in action may assign it, without wrong or responsibility, to a party unable to pay costs, though it be an implied stipulation of the trust that the assignee may sue in his name. But a legal plaintiff who has sued strictly at law may not turn himself into a trustee by assigning to an insufficient person, and thus rid himself of responsibility for future costs, the incurring of which he

III.—GG .

[Clement v. Bixler.]

has rendered unavoidable.   As between his assignee and himself he may indicate the hand to receive from the sheriff; but as between the defendant and himself, he cannot change the relation originally constituted by his own act.   The plaintiff was therefore an incompetent witness.

It is necessary to determine the exception to the execution but for the sake of the principle.   That a plaintiff may assign his right to future costs, or entitle his assignee in any event to the costs paid in, is unsustained by any of the decisions.   In Patton v. Ash, the money was deposited under a stipulation that it should be applied to the costs let the verdict be as it might ; so that in any event the whole costs were to be paid by the plaintiff, without reference to any supposed right of reclamation in any one else.   In that case there was no assignee to claim under the plaintiff's title, as he had sued originally as a trustee ; but the costs might have been considered as subject to sink into the fund recovered if the defendant were not entitled to recover them.   That case therefore seems to be in point ; and the principle of it is equally applicable to costs subsequently incurred, as the deposit is on no pretence to be taken back.   Though it would be possible to make a plausible distinction as to these by treating the assignee as an independent owner of the title, and as thenceforth prosecuting it for his exclusive benefit ; yet unless he could prosecute it at his exclusive risk, which I have attempted to show he cannot, it would be unreasonable to allow him the correlative benefit of costs to be recovered as incidental to the judgment.   Beside such a distinction would afford undue encouragement to these transactions, by enabling the plaintiff to effect a transfer on more advantageous terms.   The equitable plaintiff therefore would not have been entitled to recover the costs paid in.

Judgment reversed, and a *venire de novo* awarded.