## MOKELUMNE HILL CANAL & MINING CO. v. WOODBURY, (No. 2339.)

In this State each member of an incorporated company is answerable, personally, for his proportion of the debts and liabilities of the company.

Each corporator is a principal debtor, and not a mere surety for the corporation, and, in relation to the creditors of the corporation, stands on the same footing as if it were an ordinary partnership.

A member of the incorporation, at the commencement of a suit brought by it, cannot become a witness for it on the trial, by selling out his shares of stock after suit brought. He is personally liable for his proportion of the costs, and his competency as a witness can only be restored by actual payment of the entire costs of the case—those due, and those to become due.

APPEAL from the Fifth District.

Plaintiff had judgment below. Defendant appeals.

*Robinson, Beatty & Heacock,* for Appellant.

The Court erred in admitting McKay to testify on behalf of the plaintiff, because he was a stockholder at the time the action was commenced; was bound for the costs of this suit, and because he had sold out for the express purpose of becoming a witness.

The liability of the witness is not secondary. (Wood's Dig. 121; *Bamstead* v. *Empire Mining Co.* 5 Cal. 299; 6 Id. 80.) And it would make no difference if he were surety, and only liable in the event of the insolvency of the company. Still, he would be incompetent. (3 J. J. Marshall, Ky. 457; *Wallace's Heirs* v. *Twyman,* and 2 Bibb, Ky. 466; *Collett* v. *Wiley's Heirs; Packer* v. *Heaton,* 9 Cal. 568.)

*Heydenfeldt,* for Respondent.

McKay was a good witness. It is a common thing to release a witness upon the trial so as to qualify him; it cannot be less permissible for him a long time previously to dispose of his interest, so as to be a competent witness.

He was not liable for costs. The corporation alone would be liable. Costs are not debts, but even if they are debts, they are not so until they are recovered, and stockholders of a corporation are only liable for debts accruing while they were stockholders. Here, the witness had ceased to be one for twelve

18

months. Besides, this secondary and remote liability does not disqualify within the meaning of our statute.

COPE, J. delivered the opinion of the Court—BALDWIN, J. and FIELD, C. J. concurring.

This is a suit by a corporation to recover damages for the diversion of water from a certain ditch or canal, belonging to the plaintiff. On the trial of the case, one of the witnesses examined on behalf of the plaintiff, stated on his *voir dire*, that he owned at the commencement of the suit a number of shares of the *stock* of the corporation, but had sold and transferred the same soon after the suit was commenced. The competency of this witness is the only question necessary to be considered. The objection to his competency is based upon the ground of his liability for costs.

Under the Constitution and laws of this State, each member of a private incorporated company is answerable personally for his proportion of the debts and liabilities of the company. It was decided by this Court in the case of *McAuley* v. *The York Mining Company*, (6 Cal. 80,) that certain witnesses, who were members of the corporation when the liability was incurred upon which the suit was brought, were incompetent to testify in its behalf, because of their interest. That case is directly in point as determining the effect of the liability upon the competency of the witness, if, in fact, any liability existed at the time of his examination, and the question is, therefore, whether at that time he was legally bound for any portion of the costs of the suit.

It would seem, from a just and reasonable construction of the constitutional and statutory provisions upon this subject, that an individual corporator, in respect to his personal liability for the debts of the corporation, does not occupy the position of a surety, but that of a principal debtor. His responsibility commences with that of the corporation, and continues during the existence of the indebtedness. It is not in any sense contingent, but is declared to be absolute and unconditional. The remedial effect of these provisions, in which consists their only value, should not be impaired by construction. Similar provisions in other States have generally been construed in the

same manner.  It has frequently been decided that the members of a corporation, who are answerable personally for the corporate debts and liabilities, stand in the same position, in relation to the creditors of the corporation, as if they were conducting their business as a common partnership.  In *Allen* v. *Sewall*, (2 Wend. 327,) the words of the statute were, that "the members of the company shall be liable individually," and it was held that they were placed "upon the same footing as to liability, *as if they had not been incorporated*."  The Court said: "*Individual* liability in the act must be understood, in contradistinction to *corporate* liability; and the defendants must, therefore, be held responsible to the same extent, and in the same manner, as if there was no act of incorporation."  The same doctrine was afterwards affirmed in *Moss* v. *Oakley*, (2 Hill, 265,) in which case it was held that a provision in the act of incorporation, making it necessary to obtain a judgment against the corporation before proceeding to enforce the personal liability of its members, did not prevent such liability from attaching and becoming perfect at the moment of the accruing of the demand against the corporation.  In *Hager* v. *McCullough*, (2 Denio, 119,) one of the questions was, whether stockholders, who were personally liable for the debts of the corporation, were to be regarded as principal debtors, or as sureties for the corporation; and it was held that they were principal debtors.  Chief Justice Bronson, in delivering the opinion of the Court, said: "I think the stockholders, in their individual, as well as their corporate, capacity, are principal debtors.  Although they have been incorporated with many of the privileges usually granted to men associated in that form, yet the privilege of exemption from personal liability for the debts of the company, has been denied to them, and their personal liability has been expressly declared.  They are thus placed, in relation to the creditors of the company, upon the same footing as though they were an unincorporated association or partnership."  In *Marcy* v. *Clark*, (17 Mass. 330,) the Supreme Court of Massachusetts, in speaking of a statute of that State, making the members of incorporated companies personally liable for the debts of the company, declared its effects to be, in respect to the rights and remedies of creditors, to continue in operation the principle of partnership.

This view of the nature of the personal liability imposed upon the members of a corporation, is conclusive of the present question. It will hardly be disputed, that the corporation itself, being the plaintiff in the case, incurred at the commencement of the proceedings a liability for the costs, not alone to the officers of the Court for their services, but also to the defendant for his disbursements in case of a failure to recover. From this liability, extending to the entire costs of the case, the corporation could not possibly escape. The witness, to the extent of his proportion of the costs, stood in the same position as the corporation, and could not in any manner avoid the legal consequences of his liability. The fact that his liability depended upon that of the corporation, made no difference. It involved a direct individual responsibility from which the transfer of his stock did not relieve him. He was still in the situation of a person liable to contribute to the costs of the suit, and was therefore incompetent. His competency might have been restored, but the means resorted to for that purpose were insufficient. It was necessary to extinguish his interest, and to accomplish this, required, in addition to the transfer of his stock, the payment of the costs.

It is well settled, that the competency of a party in interest who, though not a party to the record, is liable for the costs of the suit, can be restored only by an assignment of his interest, and an unconditional payment of all the costs. (*Ash* v. *Patton*, 3 Serg. & Rawle, 300; *Gibhart* v. *Shindle*, 15 Id. 235; *Scott* v. *Lloyd*, 12 Peters, 145.) Actual payment is necessary; an agreement to pay, or a conditional deposit of money for that purpose, will not be sufficient. (*Clement* v. *Bixler*, 3 Watts, 248; *Campbell* v. *Galbreath*, 5 Watts, 423.)

Our conclusion is, that the witness was incompetent, and for that reason, the judgment is reversed, and the cause remanded for a new trial.

Ordered accordingly.