ARTEMUS DAVIDSON *v.* IRA P. RANKIN, EXECUTOR, AND FANNY GODDARD, EXECUTRIX, OF E. B. GOD-DARD, DECEASED.

LIABILITY OF STOCKHOLDER OF MINING CORPORATION—WHEN CAUSE OF ACTION FOR ACCRUES.—The right of action against a stockholder of a mining corpora-tion, on account of his individual responsibility for its debts and liabilities, as prescribed by the sixteenth section of the Act concerning mining corporations, accrues at the same time as against the corporation, and is not contingent on a recovery against the corporation.

LIMITATION OF ACTIONS AGAINST EXECUTORS.—The defendants' testator was a stockholder of a mining corporation, and as such became individually responsible to plaintiff for a portion of its liabilities, and for which a right of action accrued against the testator in his lifetime. The claim thus arising was not presented to defendants—his executors—for allowance, as in demand against their testator's estate, until after the expiration of the ten months prescribed by the one hundred and thirtieth section of the Probate Act for the presentation of claims against estates. Thereafter it was so presented by plaintiff, and was rejected by defendants; whereupon, plaintiff brought action for its recovery, to which defendants pleaded said section of the Probate Act in bar: *held,* that under the statute the action was barred.

APPEAL from the District Court, Fifteenth Judicial Dis-trict, City and County of San Francisco.

This action was brought to recover the sum of twenty-seven hundred and seventy-one dollars, alleged to be due from the testator of the defendants to the plaintiff, on a liability accrued to the plaintiff against the "Segregated Crown Point Mining Company," a corporation of which said testator was a stockholder. Plaintiff had judgment, and defendants moved for a new trial, which was denied. The defendants appealed from the judgment and the order deny-ing a new trial.

The other facts are stated in the opinion of the Court.

*D. P. Barstow,* for Appellants.

It has been settled that stockholders of corporations formed under laws providing for a personal liability, like the six-teenth section of the Act concerning mining corporations, stand upon the same footing in relation to the creditors as

though the company was a simple partnership. (*Moss* v. *McCullough*, 7 Barb. 295; *Hager* v. *McCullough*, 2 Denio, 119; *Marcy* v. *Clark*, 7 Mass. 330; *Southmayd* v. *Russ*, 3 Conn. 56; *Mokelumne Hill Canal Company* v. *Woodbury*, 14 Cal. 266; *Moss* v. *Oakley*, 2 Hill, 265; *Allen* v. *Sewall*, 2 Wend. 327; *Corning* v. *McCullough*, 1 Comst. 47; *Simonson* v. *Spencer*, 15 Wend. 548.) The plaintiff's action was therefore barred, under the provisions of section one hundred and thirty of the Probate Act.

*S. F. Gilchrist*, for Respondent.

By the Court, SANDERSON, J. :

This is an action brought by a creditor of a corporation against the executor of a deceased stockholder, to recover the proportion of the claim due, or alleged to be due, from the estate of his testator.

The cause of action in favor of plaintiff against the corporation, as appears from the evidence, was the wrongful conversion by the latter of eight shares of its capital stock, property of the assignor of the plaintiff. The conversion took place on or about the 21st day of January, 1864. Suit was brought against the corporation on the 14th of March, 1866, and judgment by default obtained on the 7th of April following.

The defendant's testator died on the 8th of February, 1864. The usual notice to creditors, requiring them to present their claims within ten months, was first published on the 12th of April, 1864.

The claim in suit was not presented until the 15th of May, 1866, and the defendant relies upon the one hundred and thirtieth section of the Probate Act as a bar to the action. That section provides, among other matters, that every claim which is not presented within ten months from the first publication of notice, shall be barred forever; provided, if it be not then due, or if it be contingent, it may be presented within ten months after it shall become due or absolute.

The question, therefore, is, when does a cause of action against a corporation accrue against its stockholders upon their individual liability for the debts and liabilities of the corporation contracted or incurred during the time they were stockholders? Does it accrue at the same time it accrues against the corporation, or not until after a judgment has been obtained against the corporation and the creditor has failed to collect it from the corporation? Or, in other words, is the liability of the stockholder conditional, or unconditional—absolute or contingent upon the failure or inability of the corporation to pay? The answer depends upon the construction, in part, of the sixteenth section of the Act concerning mining corporations. That portion which relates to the question in hand, reads as follows: "Each stockholder shall be individually and personally liable for his proportion of all the debts and liabilities of the company contracted or incurred during the time that he was a stockholder, for the recovery of which joint or several actions may be instituted and prosecuted."

This language came before this Court for construction in the case of the *Mokelumne Hill Canal Company* v. *Woodbury*, 14 Cal. 265. Mr. Justice Cope, by whom the opinion was delivered, said: "It would seem, from a just and reasonable construction of the constitutional and statutory provisions upon this subject, that an individual corporator, in respect to his personal liability for the debts of the corporation, does not occupy the position of a surety, but that of a principal debtor. His responsibility commences with that of the corporation, and continues during the existence of the indebtedness. It is not in any sense contingent, but is declared to be absolute and unconditional. The remedial effect of these provisions, in which consists their only value, should not be impaired by construction. Similar provisions in other States have generally been construed in the same manner. It has frequently been decided that the members of a corporation, who are answerable personally for the cor-

porate debts and liabilities, stand in the same position, in relation to the creditors of the corporation, as if they were conducting their business as a common partnership." This view is conclusive of the present question, and it follows that the cause of action in suit accured against the defendants' testator on the 21st of January, 1864, the date at which

accrued against the corporation, and was therefore due, within the sense of the one hundred and thirtieth section of the Probate Act, on the 12th of April, 1864, at which date the notice to the creditors of the defendants' testator was first published; and, not having been presented within ten months from that date, is now forever barred.

Under this view, the remaining points become immaterial. Judgment and order reversed, and new trial granted.