No. 1,801.

JAS. YOUNG, APPELLANT, *v.* LEOPOLD ROSENBAUM *et al.*, RESPONDENTS.

FOREIGN JUDGMENT.—A foreign judgment is not admissible in evidence unless accompanied by a record, in some form recognized by law, of the proceedings on which it was based.

CORPORATION.—LIABILITY OF STOCKHOLDERS.—Stockholders are not the sureties of a corporation, but principal debtors.

IDEM.—A judgment against a corporation does not extinguish, suspend or merge the liability of the stockholders.

IDEM.—The liability of the stockholders for a subsisting debt against the corporation is primary, and not conditional or contingent, and is unaffected by a suspension of the remedy against the corporation.

NEW TRIAL.—FAILURE TO SERVE NOTICE.—A failure to serve a notice of intention to move for a new trial is immaterial when it appears from the record that the appeal was from the judgment and not from the order denying the new trial.

STATEMENT ON APPEAL—SERVICE OF.—When the statement on appeal is certified by the Judge to be correct, due service on the opposite party will be presumed in the absence of anything in the record showing to the contrary.

APPEAL from the District Court of the Twelfth District, City and County of San Francisco.

· The facts are stated in the opinion.

*B. S. Brooks,* for Appellant.

*First*—Defendants interpose as a defense a decree or order entered in a Court in Lower California. The judgment roll is not produced ; nothing but the final judgment.

No Court can, in any country in the world, render judgment when no cause is pending. The recitals in the judgment prove nothing, because, until you show a cause pending, the Court cannot make recitals nor render judgment. Therefore, we always require the production of the judgment, and our statute (Prac. Act, 451, 452) does not speak of the proof of a foreign judgment, but of a ''judicial record,'' and that means the whole record, not a mere fragment. (4 Phil. on Ev. Cow. & Hill's Notes, p. 278, notes 119 to p. 130.)

I do not mean to be understood that we must expect a judgment roll precisely in the form that our statute requires, but we must expect a certificate—a proof that the document produced is a true copy of the *entire record;* and when it is so produced we shall expect to find: First—A complaint of some kind to give jurisdiction of the action. Second—Process of some kind to give jurisdiction of the person, duly served, or an appearance. Third—A judgment rendered. The judgment, without proof that a cause was pending, is a nullity.

*Second*—But even supposing that the decree or order presented was rendered in a regular cause pending before a tribunal, would this Court be required to give any force or effect to it without proof that by the law of the land where the Court was sitting the Court had jurisdiction to make such a decree ?

The burthen of proof is upon the party offering such a judgment to support it by evidence of the laws of the country where the judgment was rendered, showing that by those laws the Court in question had power and jurisdiction to render the judgment. (2 Yerg. 493 ; 5 Wheat. 119 ; 10 Wend. 75 ; 2 East. 221 ; 1 Mass. 103.)

If a Court transcends the limits which the law has pre-scribed for it, and assumes to act where it has no jurisdic-tion, its decisions will be utterly void, and entitled to no consideration, either as evidence or otherwise. (Phil. on Ev. Cow. & Hill's Notes, note 13 to p. 13, and authorities cited.) See, also, p 92, note 5–6 to p. 53, in regard to judg-ments that will not be regarded.

"The general rule is, that the party seeking advantage from a foreign law, or the law of another.State of the Union, must prove its existence, for the Courts of one State or country are not bound *ex officio* to notice the local regula-tions of another." (4 Phil. on Ev. Cow. & Hill's Notes, p. 326, note 145 to p. 145, and authorities cited.)

*Third*—But even supposing the judgment roll produced, and that the Court has jurisdiction to render the judgment, is it a bar? "A former recovery which does not merge the demand upon which it was rendered, is no bar to a subse-quent suit on the same demand." (*King* v. *Bogarth*, 2 Serg. & R. 275.)

A judgment merges only the cause of action upon which it was rendered. (Church, J., in Fairchild & Holly, 10 Conn. 475–478.)

Hence, where a note is given for a demand under such circumstances as that the demand is not merged in the note, though a judgment be subsequently recovered on the note, it will not bar a suit on the original claim. (10 Conn. 475, 478; *Andrews* v. *Smith*, 9 Wend. 53; 11 Johns. 517; 5 Wend. 222; 1 Wright, 46.)

In the case of *Larabee* v. *Baldwin et al.*, the plaintiff had a judgment against the corporation, but it does not seem to have occurred to any of the counsel or the Supreme Court, that the plaintiff's demand had merged in it.

If a judgment in one of our own Courts directly upon the debt against the corporation would not merge the cause of action against the stockholders, I cannot perceive how the judgment in question could merge the demand in suit.

In the case of *Mokelumne Hill C. Co.* v. *Woodbury* (14 Cal. 264) it was decided, upon an elaborate examination of authorities, that the shareholders were not *sureties*, but prin-

cipal debtors ; consequently the causes of action are entirely independent; and I need not argue to this Court that a judgment on one cause of action cannot merge an independent cause of action. (*Chater* v. *S. F. Sugar Refinery*, 19 Cal. 246 ; *Curtis* v. *Murrey*, 26 Cal. 634.)

*Fourth*—If we concede that the proceeding in Lower California was a regular proceeding in insolvency—*a cessio bonorum*—it would not merge any demand. Suppose it a surrender of property and a discharge from all debts, rendered in another State of the Union, it would not discharge this debt nor extinguish the cause of action; greater effect cannot be claimed for a foreign decree in insolvency. (*Clarke's Executors* v. *Van Rienisdyk*, 9 Cranch, 153 ; *Sturges* v. *Crowenshield*, 4 Wheat. 409 ; *Farmers' and Mech. Bank* v. *Smith*, 6 Wheat. 131 ; *Van Rienisdyk* v. *Kane et al.* 1 Gallis' C. C. R. 371; *Woodhuel* v. *Wagner*, Bald. C. C. R. 296 ; *McMillan* v. *McNeill*, 4 Wheat. 209 ; *Ogden* v. *Saunders*, 12 Wheat. 213 ; *Hoyle* v. *Zacharie & Turner*, 6 Peters, 348 ; *Hinckley* v. *Marian*, 3 Mason C. C. R. 88.)

*Fifth*—The Court erred in entering a nonsuit as to the defendant, Rosenbaum. He became a shareholder by purchase from Mr. Hyman, an original shareholder, *at auction*. The books of the company show that he became the purchaser of these shares. (*Jansen* v. *Brooks*, 29 Cal. 223 ; *McCloud* v. *O'Neall*, 16 Cal. 392 ; *Curiac* v. *Packard*, 29 Cal. 194 ; *Craig* v. *Godeffray*, 1 Cal. 415.)

*E. W. Taylor* and *Wm. H. Fifield*, for Respondents.

The Court below properly admitted the document purporting to be a copy of the record in the Court of First Instance at La Paz, in Lower California.

It is well settled that where a foreign judgment is pleaded to an action upon the same subject-matter, it is an absolute bar to such action. (2 Parson on Cont. 608 and note *x*; *Phillips* v. *Hunter*, 2 H. Bl. 410.)

It is always *prima facie* evidence, and establishes a *prima facie* case for the party introducing it. But it is open to the

opposing party to impeach it for fraud, want of jurisdiction in the Court over the person or subject-matter, or for any other reason going to show that it was not obtained at all, or not properly obtained. (2 Kent's Com. 120, note *a;* 2 *Id.* 121, note 3.) This defense was set up in the answer; the appellant had notice of it, and he has failed to impeach the judgment. The Court of First Instance is a Court whose jurisdiction is well understood. The fact that the record is certified under *seal* shows that it is a Court of record. (*Smith* v. *Redden*, 5 Har. 321; *Lancaster* v. *Lane*, 19 Ill. 242; *Brush* v. *Blanchard*, 19 Ill. 31; *McGee* v. *Scott*, 32 Penn. St. 539); and its jurisdiction being of the ordinary kind admitted among civilized nations, and in no wise unusual in its origin or character, will be presumed to be legitimate. (2 Pars. on Cont. 610 and 611.)

But it is objected that it is not proved that a cause was pending in the Court at La Paz, and that the recitals in the judgment are not evidence of that fact. We submit that the recitals of the bill and answer in the old form of decree in chancery were held sufficient proof of them (1 Green. Ev. Sec. 511, notes 4 and 5), and decrees in chancery stood upon the same footing as judgments at common law. With this *prima facie* case for the respondents, it devolved upon the appellant to show in the Court below that this copy does not include the "entire record;" a copy is sufficiently authenticated by the words "a true copy" signed by the magistrate at the end of the copy. (*Commonwealth* v. *Ford*, 14 Gray, 399.)

*Second*—If it is conceded that the judgment is properly proved, then, while it stands unimpeached, there can be no doubt, it seems, that it is a bar to this action, because it merges the cause of action. (1 Green. Ev. Sec. 546, *h; Ricardo* v. *Garcia*, 12 Cl. & Tin. 368; *Smith* v. *Nicolls*, 5 Bing. N. C. 208; Story on Conflict of Laws, Sec. 599.)

*Third*—It is objected that, if it is a bar to an action against the company, still, it is no bar to an action against the individual stockholder. The action against individual stockholders is based upon a liability on the part of the company. If the liability of the company is extinguished wholly

or temporarily, the liability of the individual stockholder is likewise extinguished wholly or temporarily. There was no liability on the part of the company which could have been enforced by action while the stay was in force; there was, therefore, none on the part of the individuals of the company during the same time.

*Fourth*—If the proceedings in the Court at La Paz are to be regarded as regular proceedings in insolvency, then this appellant is bound by them, because, First—He participated in them (*Clay* v. *Smith*, 3 Pet. 411; *McMenomy* v. *Murray*, 3 Johns. Rep. 435; James' Bankrupt Law, 140); and, Second—Although the contract was made in San Francisco, it was to be performed in Lower California. (*Very* v. *McHenry*, 29 Maine, 16 Shep. 206; James's Bankrupt Law, 140; 3 Pars. on Cont. 439, and note *w*.)

*Sharp & Lloyd*, for Respondents, Leopold Rosenbaum, Bernhard Gattel and Theodore Reuter:

This appeal is taken from the judgment, and also from an order denying plaintiff's motion for a new trial. It cannot be maintained against Gattel or Reuter, because no notice of intention to move for a new trial was ever given or served on us; nor did we take part on the motion for a new trial.

The notice of motion was given to some of the attorneys for the other defendants, and they appeared and contested it. Their action or appearance cannot bind us. As to our clients, the Court below was never asked to, and did not reverse the judgment; this being the case, this Court, as to these defendants, can only look at the judgment, which is conclusive as to the facts. (*Allen* v. *Fennon*, 27 Cal. 68.)

The judgment being regular on its face, the Court will presume that the facts justified the finding. (*Doll* v. *Anderson*, 27 Cal. 48.)

And, therefore, as far as we are concerned, the judgment should be affirmed. Counsel cannot get over the point by saying, the only questions are questions of law, and there was no necessity for a statement. Gattel's answer raised an issue of fact, whether he was a stockholder or not, at the

time the debt was incurred or contracted. (When the answer was filed, it was the intention to contest the validity of the organization of the company, but from the turn the case took, it was unnecessary to do so.) There was no evidence showing he ever was a stockholder, excepting that he had paid some assessments. But from it, it does not appear when he became, or when he ceased to be one, or whether he paid the assessments for himself or some one else. The Court found the issue in his favor, and there being no motion for a new trial, this Court cannot review the facts.

It being a fact, then, that the defendant, Gattel, was not a stockholder when the debt was incurred or contracted, the rulings as to the accounts of the Superintendent, or the admission of the judgment of the Mexican Court, could not possibly injure the appellant.

The stipulation appended to the statement on appeal cannot change the case, because, the stipulation is limited to an appeal from the judgment; and, besides, the statement does not purport to contain all the evidence material to a disposition of the case, or the points raised. (*Moore* v. *Tice*, 22 Cal. 513.)

*Second*—Nonsuit as to Rosenbaum was properly granted.

*Third*—Appellant argues at considerable length that it was not shown that the Court of First Instance had any jurisdiction of the subject-matter, or the parties.

No such objection was taken in the Court below.

The question as to the jurisdiction and powers of the Court of First Instance has been frequently before this Court. It had a Clerk and seal, and was therefore a Court of record. Counsel claims there was no evidence of its jurisdiction; that being the case, it will be presumed to have had equal powers with our Courts of record, and they are all Courts of superior, or general jurisdiction, and hence the presumptions of law are in favor of their jurisdiction, and the recitals in their judgments are sufficient to bind all parties. (*Hahn* v. *Keely*, 34 Cal. 391.)

They are at least *prima facie* evidence of jurisdiction and the facts recited. (*Foot* v. *Stevens*, 17 Wend. R. 483; 2 Am.

Lead. Cases, 790; *Potter* v. *The Merchants' Bank, etc.* 28 N. Y. Rep. 641–653.)

The appearance of the company and the plaintiff in this case before the Court of First Instance, and submission to the jurisdiction and judgment of the Court, binds them. (*Hayes* v. *Shattuck*, 21 Cal. 54; *Monroe* v. *Douglass*, 4 Sandf. Ch. R. 192.)

The recitals in the judgment being *prima facie* evidence, it was not necessary for us to produce the whole record. ·(*Gray* v. *Hawes*, 8 Cal. 562; *Packard* v. *Hill*, 7 Cow. 443–4; 5 Wend. 391; *Gardner* v. *The Columbian Ins. Co.* 7 John. 514–18.)

If the appellant was dissatisfied, the *onus* was thrown on him to impeach the record, if he could. (*The Bank of Australasia* v. *Nias*, 4 Eng. L. & Eq. R. 263; *Martin* v. *Nicolls*, .3 Simons, 6 Eng. Ch. R. 459.)

RHODES, C. J., delivered the opinion of the Court, SPRAGUE, J., WALLACE, J., and TEMPLE, J., concurring:

The defendants, who are sued as stockholders in the corporation known as the "Santa Cruz Silver Mining Company," set up, as a defense to the action, a judgment in favor of the plaintiff and others against the corporation, rendered by the Court of First Instance, in La Paz, Lower California, by which it is ordered, among other things, that "the aforesaid creditors are sentenced to wait one year from this date, in order to receive their respective claims and interest thereon." The defendants offered in evidence the judgment, and the plaintiff objected to its admission, because the document offered was not a copy of the whole record. In the absence of proof of the rules of law governing that Court, in the administration of justice, it will be presumed that a plaintiff in an action is required to present to the Court his cause of action in writing. A judgment rendered without a statement of the cause of action, in some form recognized by law, whatever may be its force and effect, where it is rendered, is of no value beyond the jurisdiction of the Court which rendered it. No authority to the contrary is cited by

the defendants, and, indeed,. it would seem impossible to
maintain in any forum a judgment, unless it was based
upon a complaint, or a statement of the cause of action of
the party in whose favor it was rendered. In proving the
judgment, a judgment roll, as recognized at common law, or
provided for by statute, might not be requisite; but a record
must be produced which shows the allegations of fact, on
which the Court proceeded in rendering the judgment. The
objection should have been sustained.

Had the judgment been proven, it would not have consti-
tuted a bar to the action. The stockholders are not sureties
of the corporation, but are principal debtors. (*Mokelumne
Hill, etc.*, v. *Woodbury*, 14 Cal. 265 ; *Davidson* v. *Rankin*, 34
Cal. 503.) A judgment against the corporation does not
extinguish or suspend the liability of the stockholders, and
it clearly does not merge it. The remedy against the corpo-
ration may, for some cause, be suspended, or, perhaps,
barred, without impairing the remedy against the stock-
holders, because the liability of the latter is primary, and is
conditional or contingent only in this : that there must be
a subsisting debt against the corporation. When a debt
accrues against the corporation, it also accrues against the
stockholders, and they remain such debtors until the debt
is paid or satisfied. Whatever satisfies or extinguishes the
debt as to the corporation, extinguishes, also, the liability
of the stockholders, because the creditor can claim only one
satisfaction of the debt. But a suspension of the remedy
against the corporation, does not extinguish the debt, and
therefore the liability of the stockholders is unaffected.

There was some evidence tending to show that Rosenbaum
was a stockholder, and the nonsuit as to him was, therefore,
erroneous.

It is contended on behalf of Gattel and Reuter, two of
the defendants, that they are unaffected by the questions
presented on the appeal, because the notice of intention to
move for a new trial was not served on them, and they did
not take part in the proceedings on the motion. The record
does not show that they were served with the notice or par-
ticipated in the motion ; but the questions we have consid-

ered are not presented on the appeal from the order denying the new trial, for the record contains no statement on motion for a new trial. The only statement in the transcript, is one which was prepared by counsel, and settled and certified by the Court as a statement on appeal. The statement is not shown to have been served on any of the defendants; but as no objection on this ground was taken in the Court below, and as the statement is certified by the Judge to be correct, it will be presumed that it was properly served, in the absence of anything in the record showing to the contrary. The questions which have been considered, arise on the appeal from the judgment, and are sufficiently presented in the statement on appeal.

Judgment reversed, and cause remanded for a new trial.

CROCKETT, J., expressed no-opinion.