[No. 3,366.]

JOHN H. STILPHEN v. WILLIAM WARE ET AL.

STATUTE OF LIMITATIONS AS TO STOCKHOLDERS OF CORPORATION.—A creditor of a corporation, who seeks to make the stockholders liable for his demand, must bring his action against them within the time prescribed by the Statute of Limitations. The statute begins to run when the debt falls due, and the time prescribed by the Statute of Limitations is not extended, as to the right to sue the stockholders, by a judgment against the corporation.

APPEAL from the District Court of the Fourth Judicial District, City and County of San Francisco.

October 30th, 1871, the plaintiff recovered judgment in the United States District Court, at San Francisco, against the Main Street Wharf and Commercial Company, for services rendered between April 1st, 1867, and June 6th, 1868. Execution issued upon the judgment was returned December 13th, 1871, not satisfied because of the insolvency of the company. October 3d, 1872, the plaintiff commenced this action to recover upon the judgment against the defendants as individual stockholders and Trustees of the company. The complaint averred when the services were rendered. The defendants demurred on the ground that the services were performed more than three years prior to the commencement of this action, and that the cause of action was therefore barred by the Statute of Limitations. The demurrer was sustained with leave to the plaintiff to amend. The plaintiff declined to amend and appealed from the judgment.

*Powell*, for Appellant, argued that a judgment obtained against a corporation is a debt and a liability within the meaning of the statute, and that the stockholders who were such at the time the services were rendered and the judgment recovered are individually liable, and cited Hittell's Digest, Sec. 16; *Larrabee* v. *Baldwin*, 35 Cal. 155; *Slee* v.

*Bloom*, 20 Johns. 680; *Belmont* v *Coleman*, 21 N. Y. 97; 32 How. Pr. 35; *Milliken* v. *Whitehouse*, 49 Me. 527; and 14 Iowa, 235. This action was commenced within six months after the liability accrued under the judgment, and is not barred. The liability of stockholders is fixed by the Constitution and cannot be abrogated by the Legislature. (Constitution, Article IV, Sec. 36.)

*Jarboe & Harrison*, for Respondent.

Actions against stockholders of a corporation to enforce a liability must be brought within three years after the liability was created. (Stats. 1850, p. 346.) The liability in this case was created by the services rendered more than three years prior to the commencement of the action. The judgment sued upon was only evidence of the liability. (*Wyman* v. *Mitchell*, 1 Cow. 321; 35 Cal. 168; *Davidson* v. *Rankin*, 34 Cal. 503; *Young* v. *Rosenbaum*, 39 Cal. 654.)

By the Court:

It is conceded that irrespective of the judgment rendered against the corporation itself, the cause of action stated in the complaint is barred by limitation, and if this be so, it is clear that the judgment did not of itself operate to prolong the time in which an action might be brought against the defendants as stockholders of the corporation. (*Davidson* v. *Rankin*, 34 Cal. 503; *Larrabee* v. *Baldwin*, 35 Cal. 168; *Young* v. *Rosenbaum*, 39 Cal. 646.)

Judgment affirmed.