[No. 11448.   In Bank. — January 30, 1890.]

SAMUEL HYMAN, APPELLANT, *v.* EDWARD COLEMAN ET AL., RESPONDENTS.

CORPORATION — LIABILITY OF STOCKHOLDERS — RENEWAL OF NOTES — STATUTE OF LIMITATIONS. — The stockholders of a corporation are liable as principal debtors, and not as sureties of the corporation. The right of action accrues against each at the same time; but the liability of the stockholders is statutory, and the right of action thereon is barred in three years from the time the debt was contracted, and is not suspended or affected by a suspension of the remedy against the corporation, or by the renewal of its notes, if it does not appear that the stockholders sued were members of the corporation when the new notes were given, and that a new liability was thereby created.

ID. — SEVERAL LIABILITY — JURISDICTION OF SUPERIOR COURT. — The superior court has no jurisdiction of an action to enforce such liability as to stockholders against whom a judgment in less than three hundred dollars is demanded, although the aggregate indebtedness of the corporation sued upon exceeds that sum.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion.

*Severance & Travers*, for Appellant.

*T. M. Osmont*, and *C. P. Robinson*, for Respondents.

BELCHER, C. C. — This is an action to recover from the defendants, as stockholders of a corporation, their several proportions of an indebtedness due plaintiff from the corporation.

The complaint contains two counts. In the first it is alleged that plaintiff advanced and loaned to the corporation, on the seventh day of October, 1879, the sum of two thousand dollars, for which the corporation then and there executed to plaintiff its promissory note, payable in one year after date, with interest, and that "said promissory note was renewed by said corporation each year by the surrender of all former notes given by said corporation to plaintiff, and the execution and delivery of new notes to plaintiff for the amounts found due upon the said indebtedness." It further alleges that the capital stock of the corporation was divided into one thousand shares, and states the number of shares owned by each defendant on the 7th of October, 1879.

The second count alleges another loan by plaintiff to the corporation of one thousand dollars, on the sixteenth day of December, 1879, and the execution of its promissory note for that sum, payable one year after its date, with interest, and a like surrender and yearly renewal

of same by the corporation.  It further states the number of shares of the capital stock of the corporation owned by each defendant on the last-named date.

The complaint then alleges that on the eighth day of September, 1883, an accounting as to the amount of the aforesaid unpaid indebtedness was had between the corporation and plaintiff, and that plaintiff then surrendered the notes which he held, and the corporation executed to him for such indebtedness four new notes, dated December 16, 1883, and payable one year after date, with interest.

This action was commenced in April, 1885, and is based upon three of the last-named notes, one of the four having been paid.  The defendants demurred to the complaint, upon the ground that it did not state facts sufficient to constitute a cause of action, and that the cause of action was barred by the statute of limitations.

The court sustained the demurrer, and rendered judgment for defendants, and the plaintiff appealed.

1. The plaintiff demanded a several judgment against five of the seven defendants, who appeared, for less than three hundred dollars.  The superior court had therefore no jurisdiction of the action against these five, and as to them the judgment must be affirmed for that reason.  (*Derby* v. *Stevens*, 64 Cal. 287.)

2. It is not claimed that the renewals of its notes by the corporation created any new debt or liability against the defendants.  And it is clear that if the renewals had had the effect to extinguish the old debt and create a new one, then the complaint stated no cause of action, for the reason that it did not allege that the defendants were stockholders of the corporation when any of the renewals were made.  The only question then is, Did the renewals operate to extend the time of payment of the original indebtedness, and thereby prevent the statute of limitation from beginning to run in favor of those who were

stockholders when that indebtedness accrued until the last notes matured, on the 16th of December, 1884?

It is settled law in this state that, under our constitution and statutes, each stockholder of a corporation is liable for his proportion of the corporate debts contracted while he was a stockholder, as a principal debtor, and not as a surety. (*Mokelumne Hill Canal Co.* v. *Woodbury,* 14 Cal. 265; 73 Am. Dec. 658; *Neilson* v. *Crawford,* 52 Cal. 248; *Sonoma Valley Bank* v. *Hill,* 59 Cal. 107; *Morrow* v. *Superior Court,* 64 Cal. 383.)

The liability commences and a right of action accrues against the corporation and stockholders at the same time. (*Davidson* v. *Rankin,* 34 Cal. 503; *Mitchell* v. *Beckman,* 64 Cal. 117.)

Suspension of the remedy against the corporation does not suspend the remedy against or affect the liability of the stockholders. (*Young* v. *Rosenbaum,* 39 Cal. 646.)

A judgment against the corporation does not create a new liability, nor extend the time prescribed by the statute of limitations for bringing suit against the stockholders. (*Larrabee* v. *Baldwin,* 35 Cal. 168; *Stilphen* v. *Ware,* 45 Cal. 110.)

The liability of stockholders is created by statute, and an action to enforce that liability must be brought within three years after the cause of action accrues. (Code Civ. Proc., secs. 338, subd. 1, and 359; *Green* v. *Beckman,* 59 Cal. 545; *Moore* v. *Boyd,* 74 Cal. 167.)

In New York it has been held that the renewal of a note by a corporation does not extend the time prescribed by statute for suing a stockholder. In *Parrott* v. *Colby,* 6 Hun, 55, the court said: "We think the liability of stockholders in such cases cannot be revived or extended by any renewal or extension of the indebtedness which the creditors may make with the corporation." This decision was affirmed on appeal in 71 N. Y. 597; and in the *Jagger Iron Co.* v. *Walker,* 76 N. Y. 521, *Par-*

*rott* v. *Colby* is cited, and substantially the same doctrine announced.

In view of the foregoing authorities, our conclusion is, that the plaintiff's right of action against the defendants commenced when his first notes matured, and was barred in three years thereafter. We therefore advise that the judgment be affirmed.

HAYNE, C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is affirmed.

Rehearing denied.