CONTINENTAL NAT. BANK OF MEMPHIS, TENN., v. BUFORD.

(Circuit Court of Appeals, Eighth Circuit. March 12, 1902.)

No. 1,621.

CORPORATE OFFICERS—LIABILITY FOR CORPORATE DEBTS—LIMITATIONS—ACCRU-
AL OF CAUSE OF ACTION.

Under Sand. & H. Dig. Ark. § 1347, providing, if the president of a
corporation neglect to make an annual certificate showing certain facts,
as provided by section 1337, he shall be liable to an action founded on
the statute for debts of the corporation contracted during the period of
such neglect, the cause of action against the president accrues not later
than maturity of the note given by the corporation for the debt, and the
statute runs from then, though the note is renewed.

In Error to the Circuit Court of the United States for the Eastern
District of Arkansas.

The Bank of Mammoth Springs was an Arkansas corporation, located at
Mammoth Springs, in that state. On the 9th day of June, 1891, G. C. Buford,
the defendant in error and defendant below, was elected president of the
bank, and continued to be such until the 9th day of June, 1896. A statute
of Arkansas under which the bank was organized, and which was in force
during the period mentioned, contains the following provisions:

"Sec. 1337. The president and secretary of every corporation organized
under the provisions of this act, shall annually make a certificate showing
the condition of the affairs of such corporation, as nearly as the same can
be ascertained, on the first day of January or of July next preceding the time
of making such certificate, in the following particulars, viz.: The amount
of capital actually paid in; the cash value of its real estate; the cash value
of its personal estate; the cash value of its credits; the amount of its debts;
the names and number of shares of each stockholder; which certificate shall
be deposited on or before the 15th day of February or of August with the
county court clerk of the county in which said corporation transacts its busi-
ness, who shall record the same at length in a book to be kept by him for
that purpose."

"Sec. 1346. The certificates required by sections 1334, 1337, 1343 and 1344,
except certificates of transfers of stock, shall be made under oath or affirma-
tion by the person subscribing the same; and if any person shall knowingly
swear or affirm falsely as to any material facts, he shall be deemed guilty
of perjury, and be punished accordingly.

"Sec. 1347. If the president and secretary of any such corporation shall
neglect or refuse to comply with the provisions of section 1337, and to per-
form the duties required of them respectively, the persons so neglecting or
refusing shall jointly and severally be liable to an action founded on this
statute for all debts of such corporation contracted during the period of such
neglect or refusal."

Sand. & H. Dig. Ark.

This action was commenced July 21, 1900. The complaint alleges that dur-
ing the whole time the defendant was president of the bank he neglected to
comply with the requirements of the foregoing provisions of the statute by
making, swearing to, and depositing the certificate required thereby. It
further alleges: "That on September 6, 1894, said Bank of Mammoth Springs
became indebted to plaintiff in the sum of $2,500 by note for that amount
due November 8, 1894. That on said date said note was renewed, and upon
maturity of said renewal it was likewise renewed. These renewals continued
from time to time, with occasional payments at some of the times of renewal,
until May 20, 1897, when said Bank of Mammoth Springs, being then indebted
to plaintiff in the sum of $1,150 as balance due on said original indebtedness,
executed to the plaintiff its note for that amount due and payable three
months after date. That on May 3, 1894, said Bank of Mammoth Springs
was also indebted to the plaintiff in the sum of $5,000 by note, which, by the

same process of renewals and part payments as above stated in regard to the first note, was reduced on May 2, 1897, to $3,500, for which said Bank of Mammoth Springs executed to plaintiff its note for said amount, due ninety days after date." The defendant demurred to the complaint on the ground that it appeared on the face of the complaint that the cause of action was barred by the statute of limitations. The circuit court sustained the demurrer, and, the plaintiff declining to plead further, final judgment was rendered for the defendant, and the plaintiff sued out this writ of error. The opinion of the circuit court is reported in 107 Fed. 188.

Rhea P. Cary, for plaintiff in error.

Robert Neill (Davidson & Meeks, on the brief), for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge, after stating the case as above, delivered the opinion of the court.

It is settled by the decision of the supreme court of Arkansas in the case of Bank v. Walsh, 68 Ark. 21, 59 S. W. 952, that the statute on which this action is founded is a remedial statute, and imposes "a statutory liability, and not a penalty," and that the three-years statute of limitations applies to actions founded thereon. The single question left for our consideration is, when did the plaintiff's cause of action against the defendant accrue? The contention of the plaintiff in error is that it did not accrue until the maturity of the last renewal notes; the contention of the defendant is that it accrued when the debts sued for were contracted, or, at the furthest, on the maturity of the notes given at the time the indebtedness was created. The complaint does not disclose when the debts sued for were contracted, but they must have been contracted on or before May 3, 1894, and September 6, 1894, the respective dates at which the first notes mentioned in the complaint were executed. As the action is barred whether the statute of limitations commenced to run from the creation of the debt or from the maturity of the notes given at its creation, it is not essential to the decision of the case to determine whether, when the plaintiff made a loan to the Bank of Mammoth Springs or otherwise became its creditor for a present consideration on an agreed term of credit and took a note accordingly, the plaintiff could the next day have brought suit for the amount of the debt against the defendant on his statutory liability to pay it as a debt of the bank "contracted during the period" of his neglect and refusal to file the required certificate. Under the statute the defendant did not sustain to the debtor bank the relation of a joint principal, surety, or guarantor. His liability was primary, and not secondary. It was created by statute, and was not contingent upon the failure or inability of the bank to pay, but was absolute and unconditional. It resulted from his dereliction of official duty, and, if he had been compelled to pay the debt, he would have had no right of reclamation or indemnity from the bank. The statute imposed upon him the obligation of a principal debtor for his refusal and neglect to perform a duty enjoined upon him by law for the protection of the public. His legal liability for the debt was fixed and perfect the moment it was contracted, without regard to the solvency or insolvency of the bank, or to any proceedings against it to enforce pay-

ment. At the time when the first renewal notes were taken, the debt and the original notes given therefor had then become due and payable. The renewal of the notes operated as an extension of time for the payment of the debts by the bank, but did not release the defendant either from his statutory liability to pay the debts or from immediate action therefor. As soon as the original notes became due and payable, if not before, the defendant was liable. The defendant was unquestionably then liable to an action, and so was the bank. These two rights of action in the plaintiff were not dependent. They were concurrent and independent. The plaintiff could assert either or both. The assertion of one would not preclude the assertion of the other. Suspending the assertion of the one would not preclude the assertion of the other. Nothing but satisfaction of the plaintiff's debt by the pursuit of one would take away its right to follow the other. If, therefore, the right of action against the defendant on his statutory liability did not accrue on the creation of the debt, it unquestionably did on its maturity, and the statute, having once commenced to run, could not thereafter be suspended so far forth as concerned the defendant, by any action of the plaintiff and the bank which might have that effect as between them. Without pursuing the subject further, we may say that we concur in the opinion of Judge Folger in Jones v. Barlow, 62 N. Y. 202, 213, and have, in substance, adopted its reasoning. It seems to have been followed in later cases in that state (Hardman v. Sage, 124 N. Y. 25, 26 N. E. 354; Parrott v. Colby, 6 Hun, 55, affirmed on appeal in 71 N. Y. 597; Iron Co. v. Walker, 76 N. Y. 521) and elsewhere (Mining Co. v. Woodbury, 14 Cal. 265; Davidson v. Ranken, 34 Cal. 503; Hyman v. Coleman, 82 Cal. 650, 23 Pac. 62, 16 Am. St. Rep. 178; Young v. Rosenbaum, 39 Cal. 646).

The complaint counts on an open account also, touching which it is only necessary to say that that portion of the account contracted while the defendant was president is clearly barred, and for that portion of the account contracted after he ceased to be president he never was liable.

The judgment of the circuit court is affirmed.