BUTTNER v. ADAMS et al.

(Circuit Court of Appeals, Ninth Circuit. September 5, 1916.)

No. 2650.

1. CORPORATIONS ⬤253—STOCKHOLDERS—LIABILITY—MERGER.

Under Const. Cal. art. 12, § 3, declaring that every shareholder of a corporation or a joint association shall be individually or personally liable for such proportion of all its debts and liabilities incurred during the time he was a stockholder, as the amount of stock or shares owned by him bears to the whole of the subscribed capital stock, the liability of a stockholder is primary like that of a member of a partnership and not secondary; therefore a judgment against the corporation does not merge in it the right of action against the shareholders.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1024–1030; Dec. Dig. ⬤253.]

2. ADMIRALTY ⬤20—JURISDICTION OF FEDERAL COURT—MARITIME TORT.

A seaman employed on a vessel of a California corporation was injured. He recovered judgment against the corporation which became bankrupt, and thereupon he filed a libel against the shareholders of the corporation. Held, that as their liability was primary under the California Constitution, and as the cause of action was a maritime tort, the federal court having jurisdiction of admiralty cases had jurisdiction of the libel, the stockholders being responsible for the tort, not as sureties, but as principals.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 216, 225, 231; Dec. Dig. ⬤20.]

Ross, Circuit Judge, dissenting.

Appeal from the District Court of the United States for the First Division of the Northern District of California; Maurice T. Dooling, Judge.

Libel by Louis Buttner against Mary A. Adams and others. From a judgment of dismissal, libelant appeals. Reversed and remanded.

H. W. Hutton, of San Francisco, Cal., for appellant.

A. E. Cooley, of San Francisco, Cal., for appellees.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. The appellant, a seaman, while at sea and employed on a vessel of the Pacific Shipping Company, a California corporation, received personal injuries through the alleged negligence of the shipping company. To recover damages therefor,

he filed in the court below a libel in personam against the stockholders of the shipping company, stating therein the names of the stockholders and the number of shares held by each, alleging the injury he had received through the negligence of the shipping company, and alleging further that on April 3, 1913, he had filed a complaint in the superior court of the state of California to recover damages for his injuries, that on September 15, 1914, he had recovered a judgment against the Pacific Shipping Company therefor, in the sum of $5,000 and costs, and that prior to the date of the judgment the shipping company had become bankrupt, and was without property. Exceptions to the libel were sustained, and the libel was dismissed on the ground that the liability of the appellees had been merged in the judgment for $5,000, which the appellant had recovered, and that the present suit cannot be regarded as a suit upon the original unliquidated claim for damages, but it is an action on a judgment not of a maritime character, and therefore there is no jurisdiction in admiralty.

[1] We think that the decision of the court below is based upon a misconception of the purpose and effect of the California law of stockholders' liability. That state is one of the very few in which the liability of stockholders is not collateral but is original, and partakes of the nature of the liability of partners. The result is that an action at law lies "directly against the shareholders as against partners on their joint contract," and need not be predicated on a judgment against the corporation. 10 Cyc. 678. The Constitution of California (article 12, § 3) provides:

"Each stockholder of a corporation, or joint association, shall be individually and personally liable for such proportion of all its debts and liabilities contracted or incurred, during the time he was a stockholder, as the amount of stock or shares owned by him bears to the whole of the subscribed capital stock, or shares of the corporation or association."

In Young v. Rosenbaum, 39 Cal. 646, the court said:

"The stockholders are not sureties of the corporation, but are principal debtors. * * * A judgment against the corporation does not extinguish or suspend the liability of the stockholders, and it clearly does not merge it. The remedy against the corporation may, for some cause, be suspended, or perhaps barred, without impairing the remedy against the stockholders, because the liability of the latter is primary, and is conditional or contingent only in this, that there must be a subsisting debt against the corporation."

The decisions in that case and in M. H. C. & M. Co. v. Woodbury, 14 Cal. 265, have since been consistently followed by that court. Sonoma Valley Bank v. Hill, 59 Cal. 107; Morrow v. Superior Court, 64 Cal. 383, 1 Pac. 354; Hunt v. Ward, 99 Cal. 613, 34 Pac. 335, 37 Am. St. Rep. 87; Western Pac. Ry. v. Godfrey, 166 Cal. 346, 136 Pac. 284, Ann. Cas. 1915B, 825; Eva v. Andersen, 166 Cal. 420, 137 Pac. 16. In the case last cited the court said:

"It is settled in California that a stockholder's liability accrues immediately upon a debt being contracted by the corporation. A creditor therefore need not resort to the assets of the corporation before proceeding against the stockholders."

In Thomas v. Matthiessen, 232 U. S. 221, 236, 34 Sup. Ct. 312, 58 L. Ed. 577, the court, referring to the nature of the defendant's liability as a shareholder under the law of California, said, "The defendant was a principal debtor," and cited Hyman v. Coleman, 82 Cal. 650, 23 Pac. 62, 16 Am. St. Rep. 178.

The adoption of the California law and the construction of its provisions seems to have been influenced by the stockholders' liability law of New York as it then was. That law was that:

"The stockholders shall be liable in their individual capacity for the payment of the debts of such company, * * * to be recovered of the stockholder who is such when the debt is contracted." Freeland v. McCullough, 1 Denio (N. Y.) 414, 43 Am. Dec. 685; Conklin v. Furman, 57 Barb. (N. Y.) 484.

Similar provisions are found in some of the earlier laws of Connecticut and South Carolina, in both which states shareholders were held to be original debtors and liable in the same manner as though there had been no incorporation. Southmayd v. Russ, 3 Conn. 52; Bank v. Bivingsville Cot. Mfg. Co., 10 Rich. (S. C.) 95.

Such being the peculiar nature of the stockholder's liability, we think it necessarily follows that the liability of the shareholders in the present case is not merged in the judgment, and that, by obtaining a judgment against the corporation, the plaintiff has waived none of his rights to pursue the stockholders upon their individual liability.

[2] The tort upon which the libel is based was of a maritime nature, committed on navigable waters, and admiralty would have had jurisdiction of a libel against the shipping company to recover damages therefor. Has admiralty jurisdiction of the present suit to recover damages from the stockholders? In opposition to the jurisdiction, it is said that the suit is one to recover, not for tort, but on a liability created by state statute, and therefore there is no jurisdiction, citing The Manhasset (D. C.) 18 Fed. 923; The Steamboat Orleans v. Phoebus, 11 Pet. 175, 9 L. Ed. 677; and Pacific Surety Co. v. L. & S. T. & W. Co., 151 Fed. 440, 80 C. C. A. 670. In the case last cited it was held that a bond given by the charterer of a vessel to secure his performance of the conditions of the charter party which neither required nor authorized the surety to perform such contract in case of the default of the principal, but merely to respond in damages for its breach, is not a maritime contract, and that an action thereon is not within the jurisdiction of admiralty. The court said that the sole obligation of the bond "is for the payment of money arising out of a breach of the terms of the pre-existing charter party, in no sense for a specific performance of such terms." The decision would be applicable to the appellees' contention here, if the suit were brought against defendants who were liable as sureties or guarantors of a debt of the corporation; but the decision distinctly intimates that admiralty would have jurisdiction if the bond had required the surety to perform the contract in case of the default of the principal. In the case at bar the obligation of the corporation is the obligation of the stockholders. In The Manhasset

it was held that a state statute which gives a right of action in personam does not thereby give a right of action in rem in a similar case in admiralty, and in The Steamboat Orleans several questions of jurisdiction were discussed, but none which is pertinent to the question here involved.

It is true that, although the liability of stockholders under the law of California is primary, it is a liability created by statute. The Supreme Court of that state has so held. In Green v. Beckman, 59 Cal. 545, the court adopted the language of Chief Justice Waite in Terry v. Little, 101 U. S. 216, 25 L. Ed. 864, and said: "The individual liability of stockholders in a corporation is always a creature of statute." See, also, Hyman v. Coleman, 82 Cal. 650, 23 Pac. 62, 16 Am. St. Rep. 178; Moore v. Boyd, 74 Cal. 167, 15 Pac. 670; Hunt v. Ward, 99 Cal. 612, 34 Pac. 335, 37 Am. St. Rep. 87; and Knowles v. Sandercock, 107 Cal. 629, 40 Pac. 1047. It must also be the law in California, as elsewhere, that the liability of stockholders, while statutory in origin, is contractual in its nature and not penal. Flash v. Conn, 109 U. S. 371, 3 Sup. Ct. 263, 27 L. Ed. 966; Whitman v. Oxford National Bank, 176 U. S. 559, 20 Sup. Ct. 477, 44 L. Ed. 587. While the admiralty jurisdiction cannot be enlarged by state enactment (The Lottawanna, 21 Wall. 558, 22 L. Ed. 654), it is well settled that the maritime law may be changed by state enactment conferring rights of action arising out of marine torts resulting in death (The Hamilton, 207 U. S. 398, 28 Sup. Ct. 133, 52 L. Ed. 264; La Bourgogne, 210 U. S. 95, 28 Sup. Ct. 664, 52 L. Ed. 973). Such being the case as to torts resulting in death, no good reason is seen why the admiralty court may not have jurisdiction of a cause to recover damages for personal injuries resulting from a marine tort against those whom the state law declares shall be primarily liable to respond in damages therefor. The stockholders of the shipping company were not tort-feasors and were in no wise implicated in the tort, but they are liable to respond in damages therefor for the reason that the law makes them directly answerable for the debts and liabilities of the corporation. We hold that a liability so created by state law and arising out of a marine tort is subject to the jurisdiction of a court of admiralty. It is believed that this view of the question does not contravene any decision of a federal court, or result in prejudice to the uniform administration of maritime law.

The decree is reversed, and the cause is remanded for further proceedings.

ROSS, Circuit Judge, dissents.