The Supreme Court affirmed the decree of the Common Pleas on October 6, 1884, in the following opinion, per
Sterrett, J.:
The bill in this case was filed by judgment creditors of “The Bethlehem Brownstone Company,” against the corporation and certain stockholders thereof, to enforce an alleged personal liability of the latter arising under the Act of April 9th, 1872, the second section of which declares : “It shall and may be lawful for said corporation, whenever deemed expedient by a majority ot the Board of Directors, to borrow money and secure any indebtedness created by said company, by issuing bonds therefor, either with coupons and warrant of attorney to confess judgment, secured by a mortgage, given and executed by said corporation to a trustee or trustees, upon-the corporate real estate, fixtures and machinery, and to be a lien thereon, and to be recorded in the several counties-wherein said property, real estate, fixtures and machinery may be, not exceeding, however, two-thirds of the capital stock, and at a rate of interest not greater than ten per cent per annum. Provided, that the stockholders in said corporation, and persons holding and owning stock at the date of the execution of such mortgage or judgment, or the issuing of any bonds as aforesaid, in case the property bound thereby shall be found insufficient to satisfy the same, shall be personally liable for jiayment thereof; and the several amounts due and unpaid by the corporate assets may be recovered from the said stockholders and persons liable, after proceedings on the mortgage or judgment, as provided by the several sections of *117 the Act approved the 18th day of July, 1863, entitled ‘An Act relating to corporations for mechanical manufacturing, mining and quarrying purposes:’ ” P. L. 1009.
In May, 1872, pursuant to a previous resolution of the Board of Directors, a deed of trust was executed by the corporation, conveying its real estate, fixtures and machinery to James T. Borhalc in trust to secure bonds or certificates of indebtedness to the amount of $10,000, issued in accordance with said resolution, and authorizing the trustee, in case default was made in the payment of said bonds at maturity, to .sell the mortgaged property and apply the proceeds to the payment of the bonds.
It cannot be doubted the form of security adopted by the company is clearly within the authority conferred by the Act. While the instrument may not inappropriately be called a deed of trust, it is in fact a mortgage, containing special provisions, which have always been regarded not only as valid and binding, but especially appropriate in cases of loans made by corporations : Ashurst v. Montour Iron Co., 11 Casey, 30; Bradley v. Chester Valley Railroad Co., 12 Id. 141. The Act itself, as we have seen, expressly authorizes the issuing of coupon bonds secured by a mortgage given to a trustee or trustees. The company having defaulted in payment of the bonds thus secured, the trustee, under the power of sale contained in the mortgage, sold the property and divided the proceeds pro rata among the bondholders, each of whom afterwards brought suit on their respective bonds and recovered judgment against the company for the amounts severally hue them. An execution issued on one of the judgments was placed in the hands of the Sheriff of Northampton County, and the company having neglected, for thirty days after demand, to pay the amount thereof or exhibit real or personal property subject to the execution, &c., the writ was returned unsatisfied. About the same time an execution on another of the judgments was issued to the Sheriff of Bucks County, with ■same result, and was in like manner returned unsatisfied. Claiming that the assets of the corporation were thus ex *118 hausted, the plaintiffs then filed their bill, setting forth the necessary facts, averring the liability of the defendants under the provisions of the Act above quoted, and praying that they be decreed to pay the amounts due them respectively, etc. The case was then referred to the learned Master, upon whose able and exhaustive report the decree now complained of was entered.
The only assignment of error is : “The Court erred in overruling the defendants’ exceptions to the report of the Master, which exceptions are as follows.” In connection therewith the exceptions to the Master’s report, eighteen in number, are stated in their order. The assignment of error thus raising a number of distinct questions, some of fact and others of law, is clearly not in accordance with the 22d rule of Court and might therefore be disregarded. The rule requires that “each error relied on must be specified particularly and by itself. If any specification embrace more than one point or refer to more than one bill of exceptions, or raise more than one distinct question, it shall be considered a waiver of all the errors so alleged.” We ought, perhaps, to insist on a strict compliance with the rule, but waiving the irregularity in this case, each of the eighteen exceptions to the Master’s report may be regarded as a separate specification of error.
The questions presented by the several exception have been so carefully considered and so satisfactorily disposed of by the learned Master in his very lucid and exhaustive report, that we find no reason to dissent from any of his conclusions, either of law or fact; and little, if anything, can be profitably added to what he has there said. As has already been remarked, several of the exceptions relate to findings of fact by the Master, which have been passed upon and approved by the Court. It is scarcely necessary to say that such findings are entitled to the same conclusive effect as the verdict of a jury, unless they are manifestly erroneous. ' An examination of the testimony, in connection with the Master’s report, satisfies us that his conclusions of faet, so far at least, as they are *119 material to the case, are not only warranted, but abundantly sustained by the evidence. As to the questions of law involved in the case, there appears to be no error in the conclusion of the learned Master.
The first exception relates to the construction given to the Act under which it is claimed the defendants below are liable, in holding that the liability is confined to those who were stockholders, persons owning and holding stock at the date of the execution of the trust mortgage. A very full and satisfactory discussion of this subject, to which nothing need be added, will be found in the Master’s report. It is true, th© Court below, at a previous stage of the case, expressed a different opinion, but the learned Judge finally acquiesced in the view correctly entertained by the Master.
The second exception appears to be based on a misapprehension of the facts. The aggregate debt, $15,157.46, as¡ found by the Master, is assessed on the 830 shares of stock, or, rather, the holders thereof respectively, and while no decree is reported against the defendants not served, the amount assessed against those served and in court does not exceed their proportionate share of the entire debt.
The Master did hot decide, as complained in th© third exception, that stockholders added after the bill was filed, but not served, are not liable for their proportionate share of the debt. He merely declined to recommend a decree against them, for the reason that they were not properly in court, and reported a decree against those who were in court for their respective portions of the debt, viz, the proportion that 830 shares bears to the whole debt, so that no more is assessed against appellant and others, who were served and had their day in court, than they would be properly liable for if the holders of the remaining seventy shares had been in court. In view of the facts found by the Master, the exception is wholly destitute of merit.
The matters complained of in the fourth and twelfth exceptions are fully discussed and rightly disposed of by the Master^ as will appear by his report.
*120 The fact found by the Master that James W. Koehler did not acquire his stock until after the execution of the trust mortgage is a sufficient answer to the fifth exception.
We have already seen that the mortgage was within the provisions of the Act under which it is claimed the defendants below are liable. It was clearly not ultra vires. The corporate assets having been exhausted, those who were stockholders at the time the security was given, by the terms of the Act became liable to make up the deficiency. The Master found that the number of shares so held at that time was 830, and he accordingly assessed the 760 shares, represented by the stockholders in court, with their respective portions of the debt, being about $18.25 per share.
The seventh, eighth and tenth exceptions, relating to certain findings of fact by the Master, are not sustained. He found that a majority of the then stockholders did assent to the execution and delivery of the mortgage, but that was not essential. As we have seen, the Act above quoted expressly provides that “it shall and may be lawful for the corporation, whenever deemed expedient by a majority of the Board of Directors thereof, to borrow money,” etc. This provision of the Act was complied with by the adoption of the resolution pursuant to which the mortgage in question was given. • Nothing more was required.
The matters complained of in the ninth and eleventh exceptions were properly disposed of by the Master, as shown by his report. Apart from the special return as evidence that the assets of the corporation were exhausted before proceedings were commenced against the stockholders, the Master found as a fact that the company had no assets subject to the execution that was issued and placed in the hands of the Sheriff of Northampton County. There was therefore an actual exhaustion of the assets within the range of the execution in the county in which the principal and only office of the corporation was located.
There was no error in ruling as complained of in the thirteenth exception. The fourteenth and fifteenth exceptions do *121 not concern the appellant, and are therefore irrelevant to this appeal. The remaining exceptions are also without merit.
For reasons more fully given by the learned Master in his report we are satisfied the Court committed no error in overruling the exceptions and entering the decree complained of.
Decree affirmed and appeal dismissed at the costs of appellant.
Anewalt and Herman also appealed, assigning the same errors as Desch, and the additional one that the firm was added as a party defendant, but was not served.
The Supreme Court affirmed the decree of the Common Pleas on October 6th, 1884, in the following opinion, per
Stersett, J.:
This appeal is from the same decree that has just been affirmed in George J. Desch’s Appeal, No. 146, January Term, 1883, and, with one or two exceptions, the opinion filed in that case disposes of all the questions that arise in this. In fact the exceptions in both cases are nearly all the same. The sixteenth exception, however, presents a question that is personal to these appellants, but it is without merit. Being both served, as appears by the Sheriff’s return, they appeared and made defence as Anawalt and Herman. The Master found they were stockholders at the time the mortgage was given, and hence liable for their proportionate share of the deficiency. This finding of fact was warranted by the evidence, approved by the Court below, and no good reason has been shown for reversing either the finding or the legal conclusion drawn therefrom. There is no merit in any of the exceptions.
Decree affirmed and appeal dismissed at the costs of appellants.
No answer was filed on behalf of A. S. Grim, and as no rulo to plead answer or demur was served on him, he appealed, and it was assigned as error that the case was not at issue as to *122 him. The second error was that there were other stockholders who should have been made parties and proceeded against.
Edward Harvey, Esq., for appellant argued
that judgment could not have been entered without notice for default of an answer and the case was not at issue as to him. Updegraff vs. Cook, 8 Phila. 336; Malone vs. Railroad Co. 31 Leg. Int. 260; N. J. Turnpike Co. vs. Hall, 2 Han. N. J. 337. He also cited as to the second term: 1 Dan. Chan. 199, Story Eq. Pl. Sec. 72, pp. 72-3; Brightly Eq. Jur., Sec. 525; Calvert on Parties, 5, 6, 10, 11, Eq. Pule 5, Sec. 27.
The Supreme Court affirmed the decree of the Common ' Pleas on October 6th, 1884, in the following opinion, per
Sterrett, J.:
Some of the questions presented by the assignments of error in this case, especially those involved in the third and fourth specifications, have been considered and decided in Desh’s Appeal from the same decree, No. 146 January Term, 1883 and therefore' require no further notice.
The first and second assignments of error may be considered together, and when the facts are properly understood it will appear that they are without merit. The bill was duly filed December 26th, 1877, against appellant and others named therein, and having been duly served on him he appeared by counsel. The record sh0ws that on January 1, 1878, R. E. Wright & Son entered their appearance for him, and sis days thereafter Gen. Doster appeared “for defendants served,” which, of course, included appellant. In two weeks thereafter a demurrer was filed by the last named counsel. The demurrer came on to be heard and was argued by counsel, and thereupon the Court overruled the demurrer and ordered the defendants “to answer the bill on or before the first Monday of October next, in default whereof the bill shall be taken against them pro confesso, and the matter thereof proceeded in and decreed accordingly.” Appellant was bound to take notice of this order made at bar for the purpose of speeding the cause, but he did not do so. He filed no answer *123 within the time designated, or at any other time ; nor did he ask to be relieved from the default, or for permission to file-an answer with or without terms. The case was referred to a.
Master, and immediately on the coming in of his report, appellant excepted thereto, on the ground inter alia that he was chargeable as the holder of only fifty instead of one hundred shares of stock. No affidavit or proof was ever offered to show that he was not rightly charged as the owner of one-hundred shares. The exceptions filed by him -were overruled by the Master, and after due consideration dismissed by the Court. Purely technical exceptions, unaccompanied with any evidence of merit, come with very bad grace from a. defendant who is thus in defanlt, and has not made a timely, or even any proper effort to be relieved therefrom. It matters not that no decree pro confesso, by default, was actually entered on the record. It was apparent from the face of the-record that appellant was in default, and the Court had a right to treat the matter as though the decree had been formally entered. Appellant’s case is unlike that of' Malone v. The Railroad Co., 31 Legal Intell 260. In that case the-company in question was not an original party to the bill and the appearance was special. A rule to answer had been taken and served under the equity rules. In such a case there is; reason for requiring a formal motion, upon proof of service and default, before a decree pro confesso is entered, which, does not exist in the case of an order made at bar for the purpose of speeding the cause, when the parties are before the court. The order was not restricted to the defendants only in the demurrer. It embraced all who were duly served and in court, and the learned counsel who appeared “for the defendants served,” had actual as well as constructive notice of the order. The first and second assignments of error-are not sustained.
The fifth specification appears to be founded on a misa > prehension of fact. The learned Master found the whole debt was $15,157.46, and that the holders of 830 shares should, contribute to the payment thereof. He accordingly recommended a decree on that basis, making about $18.25 to each *124 share. The decree is against those served and in court, and dlieir respective proportionate shares are just the same as if •the stockholders had appeared and the decree had embraced them all.
W. S. Kirkpatrick, Esq., for appellant,
argued that the •■stockholders should be held liable jointly and severally : Act April 9, 1872, P. Laws 1,009 ; Thomson’s Liability of Stock, holders, Sec. 32; Mokelumne Hill Co. vs. Woodbury, 14 Cal.265; Davidson vs. Rankin, 84 Cal. 503; Young vs. Rosenbaum, 39 Cal. 646; a decree should have been entered against to the amount of the capital stock they held; Act July 18, 1863, P. Laws 1,864, p. 1,102. The power to borrow money and issue bonds and mortgages to secure the payment thereof belongs to business corporations: Watts’ Appeal, 78 Penna. 370-391; Com’th. vs. Pittsburg, 41 Penna. 284; McMasters vs. Reed, 1 Gr. 47; Com’th vs. Perkins, 43 Pa. 402.
A conclusive answer to the sixth specification is, that the Master, upon sufficient evidence, found that appellant was the holder of one hundred shares of stock at the time the mort, ¿age was given. That finding was approved by the Court} .and there appears to be no reason for disturbing it.
It follows from what has been said, that there was no error In the decree as entered, and hence the last specification is not .sustained.
Decree affirmed and costs dismissed at the cost of the appellant.
Shimer and other plaintiff's in the bill also appealed, complaining that the defendants should have been held liable jointly and severally for the amount of the debt, and not merely to the amount of $18.25 per share.
The Supreme Court affirmed the decree of the Common Pleas on October 6th, 1884, in the following opinion, per
Sterrett, J.:
We are not entirely satisfied the Master and Court below were right in holding that appellees are each severally liable only for a proportionate share of the debt, amounting to *125 $18.25 for each share of stock held by them at the time th& mortgage was executed, and that they are not personally liable, jointly and severally, for the aggregate amount due appellants; but the able and ingenious arguments of the learned counsel for appellants has failed to convince us that there was any error in the rulings complained of. We therefore adopt the conclusions of the Master as stated in his-report.
Decree affirmed and appeal dismissed at the costs of the appellants.