[No. 4795.]

WILLIAM M. NEILSON v. ANDREW CRAWFORD
ET AL.

BOOKS OF CORPORATION AS EVIDENCE.—In an action brought by a creditor of a corporation against a stockholder to recover the stockholder's proportion of the indebtedness of the corporation, the entries in the books of the corporation are not admissible in evidence on behalf of the plaintiff to prove the indebtedness of the corporation to him.

APPEAL from the District Court, Third Judicial District, City and County of San Francisco.

The plaintiff had judgment, and the defendants appealed. The other facts are stated in the opinion.

*Douthitt & McGraw* and *E. J. Pringle*, for the Appellants.

*J. W. Roper*, for the Respondent.

By the Court, WALLACE, C. J.:

This action is brought against the defendants for their proportion of the indebtedness of the " Central Polynesian Land and Commercial Company," a corporation of which the defendants are alleged to have been stockholders at the time the indebtedness accrued.

The answers of the defendants denied all the allegations of the complaint.

At the trial the plaintiff offered the books of the corporation—its ledger, journal, book of resolutions and transfers—for the purpose of proving the state of the accounts between the corporation and the plaintiff. To the introduction of these books for that purpose the defendants objected upon several grounds—among others, upon the ground " that the mere fact of indebtedness being entered, or purporting to be entered, on the books of the company, is not evidence against the defendants of an indebtedness, as it is the mere declaration of the company, etc." The objection was overruled, and a portion of the ledger book of the corporation, purporting to show the indebtedness of the corporation, was read in evidence, and the defendants reserved an exception to the ruling of the Court.

In the action of the Court below in this respect we think there was error.

In an action brought *against the corporation* itself for the recovery of a debt, the books of account kept by the corporation, showing the existence of the indebtedness alleged, would be admissible in evidence, because they are the declarations and admissions of the corporation, entered by its servants, and under its control. This is the view taken by Lord Chief Justice Denman in *Hill* v. *Manchester* and *Salford* v. *Water Works Company*, 2 N. & M. R. 573. But the secretary of the corporation, who made the entry in the ledger here, was not the servant of the defendants, and the entries made by him are not their admissions. He was the employee of the corporation, and, as observed by the learned Judge in the case just cited, " is subject to the control of no individual member." The same view is maintained in *Haynes* v. *Brown*, 36 N. H. 545, where the question is ably reviewed, and at great length, by the Supreme Judicial Court of New Hampshire.

If an admission of indebtedness, made by a corporation, be evidence of indebtedness in an action against a stockholder, it is not perceived why a similar admission made by a stockholder should not be evidence in an action brought against the corporation, nor why an estoppel against the corporation—for instance, a judgment rendered—should not equally estop a stockholder to deny the fact of indebtedness in an action brought against him to enforce his proportionate liability. It is well settled here that the liability of the stockholder is not derivative nor secondary, but is of a primary and wholly independent character, and the indebtedness for which he is to be held cannot be shown by entries made by employees of the corporation, over whose proceedings he has no supervision, and can exercise no control.

The conclusion which we have reached upon this point renders the decision of other points made unnecessary.

The judgment is reversed and the cause remanded for a new trial.

Neither Mr. Justice RHODES nor Mr. Justice NILES expressed an opinion.