[Civ. No. 2206.  Second Appellate District.—February 20, 1917.]

## S. N. CLARK, Respondent, v. BERLIN REALTY COMPANY (a Corporation), Appellant.

STOCKHOLDER'S LIABILITY — MONEYS LOANED — PLEADING — JOINDER OF CLAIMS.—In an action to recover of a stockholder of a corporation his proportionate liability for moneys loaned to the corporation at various times while he was a stockholder, the plaintiff may, in a single action, join the claims on the various loans.

ID. — COMPLAINT — INCORPORATION BY REFERENCE.—In an action to recover of a stockholder of a corporation his proportionate liability, where there are several counts, allegations showing the liability on one count may, by reference, be incorporated in subsequent counts.

ID.—PROMISSORY NOTE—TAKING OF NEW NOTE—PAYMENT.—The taking of a promissory note from a debtor, or of a third party, will not extinguish the debt and create a new obligation, unless received by the creditor under an express agreement that it shall have that effect.

ID.—INSUFFICIENT EVIDENCE OF EXTINGUISHMENT OF NOTES.—The taking of a new promissory note of a corporation by a bank for the amount of several loans of money made by the bank to the corporation, and the surrender to the corporation of the various notes previously given as evidence of the loan, is not conclusive evidence that it was the intention to thereby extinguish the note, so that a person who had ceased to be a stockholder of the corporation before the new note was taken was thereby freed from liability.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Charles Wellborn, Judge.

The facts are stated in the opinion of the court.

Valentine & Newby, for Appellant.

Benjamin E. Page, and Arthur C. Hurt, for Respondent.

JAMES, J.—Judgment in this action was for the plaintiff. The appeal is taken from the judgment and from an order denying the motion made by the defendant for a new trial. Plaintiff, as assignee of the Merchants' National Bank of Los Angeles, brought this action for recovery against the defendant on account of an indebtedness created by the Berlin Dye

Works & Laundry Company, a corporation, of which latter corporation defendant was at certain times material herein a stockholder and the owner of 209,535 shares of stock. The total capital of the Berlin Dye Works & Laundry Company was represented by three hundred thousand shares, all of which had been issued. Recovery was sought against the defendant for its proportionate liability as a stockholder. Plaintiff in his amended complaint, upon which issue was joined and trial had, alleged first in detail the fact of the corporate existence of the Berlin Realty Company and the Berlin Dye Works & Laundry Company. He then set out in the first cause of action that the Merchants' National Bank, on April 1, 1911, loaned to the Berlin Dye Works & Laundry Company (which for convenience we will hereinafter refer to as "the Laundry Company") the sum of eight thousand dollars and the making of a promissory note payable ninety days after date by the Laundry Company to cover the amount of that loan with interest, with a condition as to the payment of attorney's fees. It is then alleged that on the fourteenth day of April of the same year the same bank loaned to the Laundry Company the sum of one thousand five hundred dollars, taking a promissory note in like form, payable one day after date; that on the eighth day of May the same bank loaned to the Laundry Company the sum of two thousand dollars, taking a one-day note in like form as was used in the preceding transactions; that on the twelfth day of June of the same year the same bank loaned to the Laundry Company the further sum of one thousand dollars and took the Laundry Company's one-day note covering that amount; that on the thirtieth day of June, 1911, a new note for eight thousand dollars, and in renewal of the note dated the first day of April of that year, was given, and it was alleged that the sole purpose of the making of this note was to renew the eight thousand dollar note formerly given. It was further alleged that on the twenty-ninth day of November, 1912, the same bank loaned to the Laundry Company a further sum of two thousand dollars and took a one-day note covering the amount involved in this last transaction. It was then alleged that on the fifth day of March, 1913, a note was made by the Laundry Company in favor of the bank and duly delivered for the principal sum of fourteen thousand five hundred dollars, payable one day after date. This note it was

alleged was given, in its aggregate amount, to cover each of the notes hereinbefore described, and it was alleged that the five notes theretofore given were surrendered to the Laundry Company, and that the "said note dated March 5, 1913, for fourteen thousand five hundred dollars, was accepted and retained in place and renewal thereof by said bank, and not otherwise." There was also an allegation that the principal amount of the indebtedness so incurred at the several times had not been paid. It was next alleged that at the time the eight thousand dollars indebtedness was incurred the Berlin Realty Company was the owner of 209,535 shares of the three hundred thousand shares constituting the total and issued capital stock of the Laundry Company. In the second cause of action plaintiff, by reference therein stated, incorporated all of the material allegations set forth in the first alleged cause of action, and then alleged that at the time the indebtedness of one thousand five hundred dollars was incurred by the Laundry Company on April 14, 1911, defendant herein was the owner of the number of shares of stock described. The third cause of action was in like form, but referred to the indebtedness of May 8, 1911; and the fourth cause of action was set forth in like manner and form, but referred to the one thousand dollars indebtedness of June 12, 1911. No recovery was sought on account of the two thousand dollar note dated November 29, 1912, for the reason that the defendant at that time had ceased to be a stockholder of the Laundry Company. Defendant demurred to the complaint, setting forth various special grounds therefor, in addition to the general one that sufficient facts were not stated to constitute a cause of action. The demurrer was overruled and an answer filed.

It is contended, first, that the court erred in overruling the demurrer. The complaint in its allegations of fact was simple and quite clear. In it was first set forth the alleged facts of the transactions had by the Laundry Company with the bank, and these allegations were specific and particular as to the amounts of money borrowed, the dates, etc. There seems to be no ground upon which to base the contention, as suggested in one of the asserted grounds of demurrer, that the complaint was uncertain. There was no misjoinder of causes of action. The first alleged cause of action, to be sure, contained statements of the several transactions had with the bank the individual ones of which might no doubt have been set out

separately; but we cannot see how, assuming that such a procedure had been followed, defendant could have been any better informed of the facts upon which the plaintiff relied to sustain his suit. The contention that the allegations of the first cause of action being substantial ones and essential to the pleading could not by reference be incorporated in the subsequent alleged causes of action, is not supported by the California cases. The case cited on behalf of appellant to this point, to wit, *Haskell* v. *Haskell,* 54 Cal. 262, is not sustained by the later decisions in *Treweek* v. *Howard,* 105 Cal. 434, [39 Pac. 20], and *Green* v. *Clifford,* 94 Cal. 49, [29 Pac. 331].

The main contention, however, and that which forms the substance of the defense interposed by the defendant, is that all of the indebtedness incurred by the Laundry Company to the bank and as evidenced by the several promissory notes was extinguished when the note for $14,500 was given on March 5, 1913, which was after the defendant had ceased to be one of the stockholders in the Laundry Company. It appeared in evidence that at the time the note for fourteen thousand five hundred dollars was made, the notes previously taken were delivered to the Laundry Company and marked "paid." The defendant urged and now insists that under the facts shown by the evidence, when the last note was made a novation was effected and under the agreement of the parties the new obligation extinguished the old debt. It has been held numerous times and by the decisions of this state that the taking of a promissory note from a debtor, or of a third party, will not extinguish the debt and create a new obligation, unless received by the creditor under an express agreement that it shall have that effect. It is further asserted in the authorities that there is not a presumption in favor of a note being received as payment under such circumstances; and where a note was given to take up another note, it was said that because the original note was surrendered and marked paid on its face, "was not conclusive evidence of the extinguishment of the debt." In the case of *Bonestell* v. *Bowie,* 128 Cal. 511, [61 Pac. 78], the text of the decision supports these statements, and a number of cases are therein collected and cited which are all to the same general point and effect. (See, also, *Gnarini* v. *Swiss American Bank etc.,* 162 Cal. 181, [121 Pac. 726].) In *London & S. F. Bank* v. *Parrott,* 125 Cal. 472, [73 Am. St. Rep. 64, 58 Pac. 164], the court said: "In the absence of an agreement to that effect, or evidence that such

was the intention of the parties, the taking of a note for an existing liability does not constitute a payment of the debt.'' In the same case it is further observed that ''the plaintiff's claim against the appellants as stockholders is not upon the note, but upon the liability originally created by reason of the advances made to the corporation.'' And such was the action of the plaintiff here. There was, to be sure, some testimony heard by the trial judge which, taken by itself, may be said to tend to show an intention on the part of the bank to consider the last note as creating a new and distinct obligation—one which would cancel the old indebtedness. But the court had other testimony to consider which indicated that no extinction of the original indebtedness was intended to be worked by the taking of the last note, and such being the condition of the evidence, it is sufficient to say that an appellate court has no right to make any further review of the testimony, for, in view of the conflict, the decision of the trial judge in that matter is final.

We think there was no prejudicial error in refusing to allow a question to be answered which was asked of the cashier of the bank relative to his knowledge as to a change in the management of the Laundry Company being made prior to November 29, 1912. As is properly said by respondent, the president of the bank gave testimony which furnished an admission as against the bank, if it may be so termed, fully as favorable as that which the expected answer of the cashier could have supplied. The objection that the court erred in refusing to allow the case to be reopened after the parties had rested, in order to permit defendant to introduce further testimony, is addressed to a matter which is regulated by the sound discretion of trial judges, in the exercise of which appellate courts will not interfere. There is nothing shown from which we may conclude in this case that the court abused its discretion.

No other points are presented which call for discussion or consideration.

The judgment and order are affirmed.

Conrey, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 19, 1917.