[Civ. No. 3342. First Appellate District, Division One.—May 19, 1920.]

## THE SEABOARD NATIONAL BANK OF SAN FRANCISCO, Respondent, v. LEO V. BELDEN et al., Defendants; FRED G. JONES, Appellant.

[1] CORPORATIONS — STOCKHOLDER'S LIABILITY — ACTION ON ORIGINAL OBLIGATION—RENEWAL NOTES—EFFECT OF.—An action against the stockholders of a corporation to recover on their stockholder's liability is properly brought upon the original obligation of the corporation, notwithstanding the promissory notes evidencing such liability have been canceled and renewal notes issued, there having been no express agreement that the renewal notes should constitute payment and such notes not having been in fact paid.

[2] ID.—INDORSEMENT OF NOTES AFTER MATURITY — LIABILITY OF STOCKHOLDERS.—The rights and liabilities of a stockholder of a corporation are not affected by the fact that certain promissory notes executed to the corporation are not indorsed by it over to and sold to another until after their maturity.

[3] ID.—NATURE OF STOCKHOLDER'S LIABILITY—EFFECT OF GUARANTY. The liability of the stockholders of a corporation is direct and primary, arising coincidentally with the debt of the corporation, and is not changed or affected by the existence of a guaranty.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Geo. E. Crothers, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. B. Rinehart for Appellant.

Chickering & Gregory for Respondent.

KOFORD, J., *pro tem.*—This is an appeal by the defendant Jones from a judgment in an action brought to recover on a stockholder's liability, as a stockholder of the Luther Burbank Company, a corporation. The indebtedness upon which this judgment against appellant was rendered was

3. Nature of stockholder's liability for debts of corporation, note, 99 **Am. Dec.** 432.

evidenced by eight promissory notes, as follows: Five notes executed by the corporation to the plaintiff directly, and three notes executed to the corporation by Joseph H. Clark and subsequently indorsed over to and sold to the plaintiff by the corporation.

Appellant contends: First, that the five corporation notes were paid and extinguished by new notes given in their place; second, that the Clark notes were by the corporation indorsed to the plaintiff after maturity, and were taken by plaintiff subject to defenses, and third, that plaintiff had received a guaranty of all the liabilities of the corporation, and for that reason cannot enforce the liability of the appellant.

[1] The evidence upon the first point is to the effect that new notes were given in the place of the five original notes. The action was upon the original liability evidenced by these notes. The new notes were renewal notes. There is nothing in the evidence to support the contention that the original obligation, as evidenced by these five notes, was extinguished by the giving and accepting of new notes. The action was properly brought upon the original obligation, even though the original notes had been surrendered (*Bonestell* v. *Bowie,* 128 Cal. 511, [61 Pac. 78] ; *Clarke* v. *Berlin Realty Co.,* 33 Cal. App. 50, [164 Pac. 333] ), and there being no express agreement that the renewal notes should constitute payment, and such notes not having been in fact paid. (*Comptoir d'Escompte* v. *Dresbach,* 78 Cal. 15, [20 Pac. 28].)

[2] It is not apparent how appellant's rights are in any way affected by the Clark notes being indorsed by the corporation to the plaintiff after maturity. Such defenses as might exist would be in favor of the original maker, Clark. If the corporation had any defenses, appellant neither pleaded nor offered to prove them and has not even suggested what they are, to this time. But if there were any defenses, they would not be available to the corporation as indorser for value. The indorser's warranty would not permit it. (Civ. Code, sec. 3116.)

[3] Neither is there any merit in appellant's third point that the guaranty of the liability of the corporation is in any sense a defense available to appellant sued on stockholder's liability. The liability of the stockholders of a

corporation is direct and primary, arising coincidentally with the debt of the corporation, and is not changed nor affected by the existence of a guaranty. (*London & S. F. Bank* v. *Parrott*, 125 Cal. 472, [73 Am. St. Rep. 64, 58 Pac. 164]; *Eva* v. *Anderson*, 166 Cal. 420, [137 Pac. 16].)

The judgment appealed from is affirmed.

Waste, P. J., and Richards, J., concurred.