[L. A. No. 10326. In Bank.—June 18, 1930.]

TIERNEY & LAWFORD, INC. (a Corporation), Respondent, v. WILSHIRE CAFE COMPANY, INC. (a Corporation) et al., Defendants; MAURICE MACAGNO et al., Appellants.

Howell W. Richardson, T. E. Parke, Koenig & Brunton, Victor H. Koenig, Ernest M. Torchia, for Appellants.

George L. Keefer for Respondent.

SEAWELL, J. — Defendants Maurice Macagno, Frank Balzano and Carlo Bravo appeal from a judgment rendered in favor of plaintiff, Tierney & Lawford, Inc., a corporation, in an action to recover from each of said defendants, upon his statutory stockholder's liability, a proportion of an alleged indebtedness of $4,637.51 due to said plaintiff from Wilshire Cafe Co., a corporation. The Wilshire Cafe Co. was named in the title of the complaint as a party defendant, but no relief was prayed for nor judgment rendered against it. The action was dismissed before trial as to the other defendants against whom no judgment was rendered. Upon this appeal defendants contend that no indebtedness was incurred by said Wilshire Cafe Co. in favor of plaintiff at a time when they were stockholders.

The evidence introduced on behalf of plaintiff shows that between August 21, 1923, and November 25, 1923, plaintiff corporation did certain painting and decorating upon certain restaurant premises in the city of Los Angeles subsequently operated under the name Richelieu Cafe, and that

it also supplied furnishings for the use of said business, consisting of carpeting, draperies, tapestries, dining-room tables and chairs and other appropriate furnishings. This work was done under an agreement made on August 21, 1923, between plaintiff corporation and defendant Maurice Macagno, purporting to act on behalf of said Wilshire Cafe Co., a corporation, and contracting in its name. A price of $26,500, to be paid in stated installments, was agreed upon. The terms of the agreement were embodied in an instrument entitled "Specifications and Estimate for Painting and Decorating Richelieu Cafe," which concluded as follows: "Accepted—Giulio Nuccio, President." The specifications for furnishings follow the signature of Nuccio and close with the words: "Accepted: Wilshire Cafe Co., Inc., by Maurice Macagno." Carpet furnishings not provided for in the original agreement of the value of $950 were furnished at the request of Macagno and additional work of the value of $384 was done at his request.

It was not shown that Macagno or Nuccio were authorized as officers by the by-laws of the corporation to make the contract in question, or that authority had been conferred upon them by resolution of the board of directors of said company. At the time of the making of the agreement and until some time after November, 1923, defendant Macagno was the owner of eighty-four shares of the capital stock of said company, defendant Balzano was the owner of seventy-nine shares, defendant Bravo of sixty-nine shares, and Nuccio and one Hodel the owners of fourteen shares each. Since the by-laws provided for a board of five directors, and directors were required to own stock in the corporation until the adoption of the 1929 amendment to section 305 of the Civil Code, it is to be inferred that said five persons, the owners of all issued capital stock, constituted the board of directors.

The work was completed and accepted on or about November 25, 1923. A receipt for the furnishings, dated November 27, 1923, is signed "Wilshire Cafe Co., by G. Nuccio." About that time the cafe was opened and operated by the persons who were the sole stockholders of the Wilshire Cafe Co. with the furnishings supplied by plaintiff corporation. In January or February, 1925, the cafe was closed because of financial difficulties. The installment due upon the execu-

tion of the agreement and the September and October installments were paid in accordance with the terms of the contract. Between December 11 and March 29, 1924, other payments were made, making a total paid of $23,196.49. It does not appear through direct testimony by whom or in what manner payments were made, but we think it may be inferred from the evidence as a whole that payments prior to December, 1923, were made by defendant Macagno, or if not by him, by one of the other four stockholders and directors of the Wilshire Cafe Co.

Some time following the acceptance of the work performed by plaintiff and the opening of the cafe, the defendants herein and Nuccio and Hodel ceased to be stockholders. About April 30, 1924, after defendants had transferred their stock, said Wilshire Cafe Co., by Morris Weiner, then its president, and F. M. Andreani, secretary, pursuant to resolution of the board of directors, executed a promissory note in favor of plaintiff for the principal sum of $4,637.50, which was the balance remaining unpaid on plaintiff's bill. Said Weiner also signed the note in his individual capacity and secured the obligation by a pledge of 150 shares of the stock of the cafe company then owned by him.

It was the contention of defendants in their answer that any liability on their part as stockholders was extinguished for the reason that said note was accepted in full satisfaction and payment and by way of novation for any indebtedness of the Wilshire Cafe Co. to plaintiff. The court below found against this contention and its finding, which is supported by the evidence, is not attacked on this appeal.

█ Where there is no understanding that a note shall be accepted in payment and satisfaction of the indebtedness, the liability of the corporation upon the original indebtedness and the derivative liability of those who were stockholders at the time of the creation of the original indebtedness continues. (*Winona Wagon Co.* v. *Bull*, 108 Cal. 1 [40 Pac. 1077]; *Ellison* v. *Henion*, 183 Cal. 171 [11 A. L. R. 444, 190 Pac. 793]; *London & S. F. Bank* v. *Parrott*, 125 Cal. 472 [73 Am. St. Rep. 64, 58 Pac. 164]; *Clark* v. *Berlin Realty Co.*, 33 Cal. App. 50 [164 Pac. 333].)

█ But defendants contend that Macagno was not shown to have had authority to contract on behalf of the corporation in 1923 and that the corporation incurred no

liability until said note was executed, at which time they owned no stock. As noted above, the work was performed and furnishings supplied under an agreement with persons who were stockholders and appear by inference to have been directors of the Wilshire Cafe Co. That the indebtedness incurred by Nuccio and Macagno in order that the cafe might function was without the knowledge and consent of the appealing stockholders is inconceivable in the light of the facts of the case. The contract was made in the name of the corporation. Said corporation thereafter operated the cafe as furnished by plaintiff. It voluntarily accepted and freely used the benefits of the contract under such circumstances as to require the conclusion that all stockholders had knowledge of the agreement under which they were furnished. The defendants offered no evidence to rebut the facts appearing and inferences to be drawn from plaintiff's testimony. Under such circumstances the corporation became liable on the agreement made by Macagno at least as early as the acceptance of the work and furnishings in November, 1923, either on the theory of estoppel or implied ratification through acceptance of the benefits, if indeed the facts and circumstances testified to, in the absence of rebutting testimony, do not present a situation where actual authority to make the contract may be inferred.

The evidence establishes plaintiff's right to recover the reasonable value of the additional carpeting and additional work performed by it. The finding as to stock ownership is not open to the objection made by defendants, but in legal effect is a finding that said defendants owned the stated number of shares continuously from August 21, 1923, to December 1, 1923.

Judgment affirmed.

Shenk, J., Waste, C. J., Richards, J., Preston, J., and Curtis, J., concurred.

Rehearing denied.