[Civ. No. 7319. Second Appellate District, Division One.—August 12, 1932.]

BARBARA A. TASKER, Respondent, v. HARRY C. PHELPS, Defendant and Appellant; A. H. BUSCH COMPANY (a Corporation), Intervener and Appellant.

354

John C. Miles for Defendant and Appellant.

Young & Young for Intervener and Appellant.

Janeway, Beach & Hankey for Respondent.

YORK, J.—Both of the appeals really depend upon the objection that there is not sufficient evidence to support the findings. An examination of the evidence shows that, with the exceptions hereinafter noted, each and every of the findings necessary to support the judgment is fully supported by direct evidence. It is true that there was evidence that would support different findings, but the findings of the trial court, under such a record as we have here, are binding upon this appellate tribunal. The exceptions above mentioned are covered by amendments, which are hereby made in order to conform to the evidence, as follows:

Finding II is amended to read as follows: "That on the 12th day of July, 1928, and for some time prior thereto and at all times thereafter, said corporation had subscribed and outstanding a total of 500 shares of its capital stock."

Finding III is amended to read as follows: "That on July 12, 1928, the defendant Harry C. Phelps was a stockholder of said Wilmont Auto Livery, and had 249 shares of its subscribed, issued and outstanding capital stock, and at the time of delivery of the promissory note set out in the complaint, said defendant was the owner of 498 shares of said stock, including said original 249 shares owned by him. That said promissory note, although dated July 12, 1928, was not delivered until on or about August 2, 1928."

Finding V, which sets forth the fact of execution and delivery of said promissory note, is amended by striking out the words, "that for the purpose of evidencing said obligation", and by substituting therefor the words, "that in full payment of said prior obligation".

The judgment appealed from is affirmed.

CONREY, P. J., Concurring.—I concur in the judgment. The action is brought to recover upon the statutory liability of defendant Phelps as a stockholder, to pay a proportionate part of money due on a promissory note executed by Wilmont Auto Livery, a corporation, in favor of Wilmont Auto Works and Garage Company, a corporation, which note passed by assignment through successive holders, until it came into the hands of the plaintiff. The intervener, claiming prior rights by assignment of the note, seeks to enforce the same obligation.

The note was dated July 12, 1928. At the trial, defendant admitted that on that day he was the owner of 249 shares of the 500 shares of subscribed stock of the maker of the note, and admitted his liability to the extent measured by that ownership. He claimed, however, and it appears to be the fact, that he did not become the owner of the additional 249 shares charged against him, until after the date of the note. He also contends that the note was given only as evidence of prior indebtedness, and that there is no evidence of the amount of stock owned by him at the time when the indebtedness was originally incurred.

 The court should have found as a fact that the note was given in full payment of the prior obligation. This is required by the uncontradicted evidence of the two men who represented the corporations in the transaction, one of them being the defendant Phelps himself. (Reporter's Transcript, pp. 47 and 44.) The decisions are to the effect that "Where there is no understanding that a note shall be accepted in payment and satisfaction of the indebtedness, the liability of the corporation upon the original indebtedness and the derivative liability of those who were stockholders at the time of the creation of the original indebtedness continues." (*Tierney & Lawford, Inc.*, v. *Wilshire Cafe Co.*, 209 Cal. 605, 608 [239 Pac. 621, 622].) Inferentially, it would appear that if there be such an understanding, whereby the first indebtedness is extinguished, then a new liability arises.

 The evidence also proves that the note, although dated July 12th, was not delivered until August, on a date subsequent to the transfer to the defendant of the aforesaid additional 249 shares. The defendant himself testified that these additional shares were transferred to him on August 1st, and that the note was actually made on or about August 1st and delivered "perhaps the day after".

 As between the intervener and the plaintiff, I think that the court was justified in finding in favor of the plaintiff. The note was assigned and delivered for value, and prior to maturity, to plaintiff's assignor and without notice of the adverse claim of the intervener. There is some evidence that, prior to such assignment, there had been an agreement between the intervener and the payee of the note by which agreement the payee had promised to assign and deliver the note to the intervener, but that the intervener never acquired possession of the note. Under these circumstances, the court was justified in holding that the note became the property of the plaintiff. This being so, the incidental stockholder's liability was a liability to the plaintiff and not to the intervener.

Houser, J., concurred.